**IN THE UNITED STATES DISTRICT COURT**
**FOT THE EASTERN DISTRICT OF PENNSYLVANIA**
.

| | |
|---|---|
| JOSEPH LINDQUIST, on behalf of himself and all others similarly situated, | Case No. 2:23-cv-01236-KNS |
| Plaintiff, | CLASS ACTION |
| v. | JURY TRIAL DEMANDED |
| NCB MANAGEMENT SERVICES, INC., | |
| Defendant. | |

| | |
|---|---|
| LILLIAN MARDIKIAN, on behalf of herself and all others similarly situated, | Case No. 2:23-cv-01246-KNS |
| Plaintiff, | CLASS ACTION |
| v. | JURY TRIAL DEMANDED |
| NCB MANAGEMENT SERVICES, INC., | |
| Defendant. | |

| | |
|---|---|
| ERNESTO MEDINA, individually and on behalf of all others similarly situated, | Case No. 2:23-cv-01270-KNS |
| Plaintiff, | CLASS ACTION |
| v. | JURY TRIAL DEMANDED |
| NCB MANAGEMENT SERVICES, INC., | |
| Defendant. | |

CHRISTINE NEUBAUER, Individually, and on
Behalf of All Others Similarly Situated,

      Plaintiff,

v.

NCB MANAGEMENT SERVICES, INC.,

      Defendant.

Case No. 2:23-cv-01300-KNS

CLASS ACTION

JURY TRIAL DEMANDED

---

JUDE PALMER, individually and on behalf of all
others similarly situated,

      Plaintiff,

      v.

NCB MANAGEMENT SERVICES, INC. and
BANK OF AMERICA CORPORATION,

      Defendants.

Case No. 2:23-cv-01315-KNS

CLASS ACTION

JURY TRIAL DEMANDED

---

HOWARD SUH, individually and on behalf all
others similarly situated,

      Plaintiff,

v.

NCB MANAGEMENT SERVICES, INC.,

      Defendant.

Case No. 2:23-cv-1338-KNS

CLASS ACTION

JURY TRIAL DEMANDED

|  |  |
|---|---|
| KYLIE MEYER, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>NCB MANAGEMENT SERVICES, INC. and BANK OF AMERICA CORPORATION,<br><br>     Defendants. | Case No. 2:23-cv-1340-KNS<br><br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION (1) TO CONSOLIDATE THE RELATED ACTIONS, (2) TO APPOINT INTERIM CO-LEAD CLASS COUNSEL, PLAINTIFFS' LIAISON COUNSEL AND A PLAINTIFFS' STEERING COMMITTEE, AND (3) TO SET A DEADLINE FOR THE FILING OF A SINGLE CONSOLIDATED AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................1

II.     BACKGROUND ....................................................................................................2

III.    ARGUMENT ..........................................................................................................3

    A.  The Related Actions Should Be Consolidated ...................................................... 3

    B.  The Court Should Appoint Interim Co-Lead Class Counsel ................................. 4

    C.  The Court Should Set a Schedule for Filing a Consolidated Complaint ........................... 26

IV.     CONCLUSION .....................................................................................................26

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Cartee-Haring v. Cent. Bucks Sch. Dist.*,
   Case No. 20-cv-1995, 2021 WL 5506419 (E.D. Pa. Nov. 24, 2021).........................................3

*Collins v. Rutter's Inc.*,
   Case No. 1:20-cv-00382, 2020 U.S. Dist. LEXIS 52214 (M.D. Pa. Mar. 26, 2020).................3

*Dusterhoft v. One Touch Point, Inc*,
   Case No. 22-cv-0882 (BHL), 2022 U.S. Dist. LEXIS 180195 (E.D. Wis. Sep. 29, 2022) ......10

*Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*,
   339 F. 2d 673 (3d Cir. 1964).....................................................................................................3

*Fulton-Green v. Accolade, Inc.*,
   Case No. 18-cv-274, 2019 WL 4677954 (E.D. Pa. Sept. 24, 2019) ..........................................9

*Gordon v. Chipotle Mexican Grill, Inc.*,
   Case No. 17-cv-1415, 2019 WL 6972701 (D. Colo. Dec. 16, 2019)..........................................9

*In re Rutter's Inc. Data Sec. Breach Litig.*,
   511 F. Supp. 3d 514 (M.D. Pa. 2021) ......................................................................................10

*In re Shop-Vac Mktg. & Sales Practices Litig.*,
   MDL No. 2380, 2013 U.S. Dist. LEXIS 7023 (M.D. Pa. Jan. 17, 2013) ..............................4, 5

*In re Terazosin Hydrochloride Antitrust Litig.*,
   220 F.R.D. 672 (S.D. Fla. 2004) .............................................................................................10

*Nelson v. Connexin Software Inc.*,
   Case No. 2:22-cv-04676, 2023 WL 2721657 (E.D. Pa. Mar. 30, 2023)....................................4

*See Outten v. Wilmington Tr. Corp.*,
   281 F.R.D. 193 (D. Del. 2012)...................................................................................................9

*Tolmasoff v. General Motors, LLC*,
   Case No. 16-cv-11747, 2016 U.S. Dist. LEXIS 85101 (E.D. Mich. June 30, 2016).................5

**RULES**

Fed. R. Civ. P. 23(g) ................................................................................................ 10

Fed. R. Civ. P. 23(g)(1)(A)(i) – (iv) ......................................................................... 5

Fed. R. Civ. P. 23(g)(3) ............................................................................................ 4

Fed. R. Civ. P. 23(g)(4) ......................................................................................... 4, 5

Fed. R. Civ. P. 42(a) ............................................................................................. 2, 3

**TREATISES**

Manual for Complex Litigation, (4th ed. 2004) ........................................ 1, 5, 7, 20, 21

I.      **<u>INTRODUCTION</u>**

Within the last two weeks, there have been seven putative class actions filed in this Court related to a data breach at NCB Management Services, Inc. ("NCB"), a national debt collection agency. Nearly five-hundred thousand people were impacted by the breach,[1] which includes sensitive data such as names, addresses, phone numbers, emails, birthdates, driver's license numbers, Social Security numbers, account numbers, credit card numbers, routing numbers, account balances, and other unspecified "account status" information. All of the complaints name NCB as a defendant, and two of them (the *Palmer* and *Meyer* actions) also name Bank of America Corporation ("BOA") defendant. BOA apparently had a contractual relationship with NCB whereby it shared and entrusted NCB with the sensitive data of putative class members.

Consistent with the directives of the Manual for Complex Litigation, §§ 10.22, 21.272 (4th ed. 2004) (the "*Manual*") and recent decisions from this Court which encourage the "private ordering" and cooperation among Plainitffs' counsel in this context, the undersigned are pleased to report that they have agreed upon a proposed leadership structure which is inclusive of all seven of the cases currently pending in this Court. As discussed below, the leadership structure is comprised of seasoned privacy and data breach lawyers who have extensive experience litigating similar cases. The proposed slate also includes diverse and younger lawyers whose combined talent, resources, and perspectives will undoubtably ensure the efficient and economical prosecution of the case. These lawyers and their respective firms are coommitted to devoting the resources necessary to vigorously litigate this case to concliusion on behalf of their clients and the putative class.

---

[1] *See* https://apps.web.maine.gov/online/aeviewer/ME/40/65d544dc-79b0-437c-a7f8-757ffec624af.shtml (last visited April 12, 2023).

For the reasons set forth below, Plaintiffs respectfully request that the Court (a) consolidate these related cases pursuant to FED. R. CIV. P. 42(a), (b) appoint Benjamin F. Johns of Shub & Johns LLC, Joseph M. Lyon of The Lyon Law Firm, LLC, and Christian Levis of Lowey Dannenberg, P.C., as Interim Co-Lead Class Counsel; (c) appoint Charles E. Schaffer of Levin Sedran & Berman LLP as Plaintiffs' Liaison Counsel; (d) appoint Terence R. Coates of Markovits, Stock & Demarco, LLC, Danielle L. Perry of Mason LLP, Mark B. DeSanto of Sauder Schelkopf LLC, and Carl Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC to a Plaintiffs' Steering Committee; and (e) approve the proposed briefing schedule which would relieve Defendants from responding from the various complaints in the seven Related Actions, and instead set a schedule for the filing of a single Consolidated Class Action Complaint within forty-five (45) days from entry of the proposed order.

Plaintiffs emailed a copy of the proposed order to counsel for both BOA and NCB, but were unable to secure their positions as to the relief sought in this motion as of the time of its filing.

## II.   **BACKGROUND**

As discussed above, these are seven putative class actions arising from a data breach recently announced by NCB. Plaintiffs and putative class members are individuals whose personal, sensitive information was compromised in the breach. The cases filed to date are listed below (the "Related Actions"):

1. *Lindquist v. NCB Management Services, Inc*, Case No. 2:23-cv-01236-KNS (E.D. Pa. filed March 30, 2023) ("*Lindquist*");

2. *Mardikian v. NCB Management Services, Inc*., Case No. 2:23-cv-01246-KNS (E.D. Pa. filed March 31, 2023) ("*Mardikian*");

3. *Medina v. NCB Management Services, Inc*., Case No. 2:23-cv-01270-KNS (E.D. Pa. filed March 31, 2023) ("*Medina v*");

4. *Neubauer v. NCB Management Services, Inc*., Case No. 2:23-cv-01300-KNS (E.D. Pa. filed April 4, 2023) ("*Neubauer*");

5. *Palmer v. NCB Management Services, Inc. and Bank of America Corporation*, Case No. 2:23-cv-01315-KNS (E.D. Pa. filed April 6, 2023) ("*Palmer*");

6. *Suh v. NCB Management Services, Inc*., Case No. 2:23-cv-1338-KNS (E.D. Pa. filed April 6, 2023) ("*Suh*"); and

7. *Meyer v. NCB Management Services, Inc. and Bank of America Corporation*, Case No. 2:23-cv-1340-KNS (E.D. Pa. filed April 6, 2023) ("*Meyer*").

## III.   <u>ARGUMENT</u>

### A.  The Related Actions Should Be Consolidated

Rule 42(a) of the Federal Rules of Civil Procedure provides:

If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a).

"Rule 42(a) . . . confers upon a district court broad power, whether at the request of a party or upon its own initiate, to consolidate causes for trial as may facilitate the administration of justice." *Cartee-Haring v. Cent. Bucks Sch. Dist.*, Case No. 20-cv-1995, 2021 WL 5506419, at *1 (E.D. Pa. Nov. 24, 2021) (quoting *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F. 2d 673, 675-76 (3d Cir. 1964)). To this end, courts have recognized that consolidation is appropriate in data breach cases where two or more cases arise from the same occurrence. *See, e.g.*, *Collins v. Rutter's Inc.*, Case No. 1:20-cv-00382, 2020 U.S. Dist. LEXIS 52214, at *6 (M.D. Pa. Mar. 26, 2020) (consolidating two actions, as well as any future actions, arising out of a data breach and appointing interim co-lead counsel).

As noted above, the complaints in the seven Related Actions all relate to common factual allegations and legal theories. They assert multiple common causes of action against a common

Defendant – NCB – relating to the same factual underpinnings, and seek the same relief in response to the same event (the data breach). The Related Actions each seek certification of similar overlapping classes and allege that Plaintiffs and class members suffered harm because their sensitive personal information was exposed to third parties without their authorization. Consolidation of the Related Actions is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception, and it will avoid delay, duplicative litigation efforts, and the risk of inconsistent rulings, without prejudicing any party. As such, Plaintiffs respectfully request that the Court consolidate them. *See, e.g., Nelson v. Connexin Software Inc.*, Case No. 2:22-cv-04676, 2023 WL 2721657, at *1 (E.D. Pa. Mar. 30, 2023) ("*Connexin*") (noting that nine data breach class actions filed in this Court had been consolidated).

**B.  The Court Should Appoint Interim Co-Lead Class Counsel**

**1.  Legal Standard Under Fed. R. Civ. P. 23(g)(3)**

Federal Rule of Civil Procedure 23(g)(3) provides "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). Federal Rule of Civil Procedure 23(g)(4) mandates that class counsel "must fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(4).

"Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that the Court 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *In re Shop-Vac Mktg. & Sales Practices Litig*., MDL No. 2380, 2013 U.S. Dist. LEXIS 7023, at *6 (M.D. Pa. Jan. 17, 2013) (quoting Fed. R. Civ. P. 23(g)). Early appointments are especially beneficial in complex cases because they help to "clarif[y]

responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual*, § 21.11 ; *see e.g.*, *Tolmasoff v. General Motors, LLC*, Case No. 16-cv-11747, 2016 U.S. Dist. LEXIS 85101, at *27 (E.D. Mich. June 30, 2016) (appointing interim class counsel where competing cases "may follow").

Federal Rule of Civil Procedure 23(g)(1)(A), which addresses the appointment of class counsel, provides the factors the Court must consider:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)   counsel's knowledge of the applicable law; and
>
> (iv)   the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i) – (iv). *See In re Shop-Vac Mktg. & Sales Practices Litig*., 2013 U.S. Dist. LEXIS 7023, at *6 ("The same factors governing the appointment of class counsel [at the class certification stage] apply when appointing interim class counsel.").

As discussed below, each of the relevant Rule 23(g) factors demonstrate that Proposed Interim Co-Lead Class Counsel (comprised of Benjamin F. Johns of Shub & Johns LLC, Joseph M. Lyon of The Lyon Law Firm, LLC, and Christian Levis of Lowey Dannenberg, P.C.), along with Plaintiffs' Liaison Counsel (Charles E. Schaffer of Levin Sedran & Berman, LLC) and a supporting Plaintiffs' Steering Committee, are best able to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

### i.   A Three-Firm Interim Co-Lead Class Counsel with Liaison Counsel and Four-Firm Plaintiffs' Steering Committee is an Appropriate Structure Given the Complexity of the Claims

Plaintiffs have reached a consensus on candidates for the position of Interim Co-Lead Class Counsel, Plaintiffs' Liaison Counsel and members of the Plaintiffs' Sterring Committee. Through a series of good-faith, collaborative discussions, the Plaintiffs endorsed the combination of attorneys listed and discued below, believing this team to be "best able" to represent the interests of the putative class while ensuring that tasks are performed efficiently and in a timely manner. All Plaintiffs' counsel believes that the proposed structure is the most effecient way to successfully litigate the consolidated action and receive the best recovery for Plaintiffs and the class.  Given the complexity of the claims, the number of claims alleged, and the sophistication of the clients involved, the three-tiered structure will maximize recovery, while ensuring efficient prosecution of the claims.

Because Defendants are large corporations with substantial resources and top-tier representation, the proposed structure also ensures that Plaintiffs will have the necessary resources to litigate the consolidated action.  By appointing a three firm Interim Co-Lead Class Counsel, a Plaintiffs' Liaison Counsel and four firm Plaintiffs' Steering Committee, Plaintiffs will have the essential lawyers and capital needed to oppose these corporate defendants.

Each firm selected to serve in the proposed structure will play a specific, yet vital role in the prosecution of the Action.  During all phases of the litigation, Interim Co-Lead Class Counsel, along with Plaintiffs' Liaison Counsel, will:  (i) organize and supervise the efforts of Plaintiffs' counsel in a manner to ensure that the necessary pretrial preparation is conducted effectively, efficiently, expeditiously, and economically; (ii) delegate work responsibilities and monitor the activities of all Plaintiffs' counsel to assure that schedules are met and unnecessary expenditures

of time and expense are avoided; (iii) speak for Plaintiffs at all court conferences and hearings; (iv) initiate and conduct discussions and negotiations with counsel for defendants on all matters, including settlement; (v) determine (after consultation with other co-counsel as may be appropriate) and present in briefs or oral argument to the Court and opposing parties the position of the Plaintiffs on all matters arising during the proceedings; (vi) enter into stipulations with opposing counsel as necessary for the conduct of the litigation; (vii) select, consult with, and employ experts, as necessary, for Plaintiffs; (viii) initiate and conduct discovery on Plaintiffs' behalf, and coordinate its efficiency; (ix) serve as the primary contact for all communications between Plaintiffs and Defedants; (x) coordinate the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinate all proceedings; (xi) encourage and enforce efficiency among all Plaintiffs' counsel; (xii) assess Plaintiffs' counsel for the costs of the Action; (xiii) consult with Plaintiffs' and Steering Committee to fulfill their obligations as Interim Co-Lead Class Counsel and/or Liaison Counsel shall direct; and (xiv) perform such other duties in connection with prosecuting the claims in this action.

In addition to the duties discussed above, Plaintiffs' Liaison Counsel will also be responsible for performing the duties and responsibilities described in the *Manual*, §10.221, including facilitating communications with and among Plaintiffs' counsel and fulfilling such other duties as requested by the court or Interim Co-Lead Class Counsel.  Plaintiffs' Liaison Counsel will also assume responsibility for the following:  (i) receiving orders, notices, correspondence, and telephone calls from the court and the clerk of the court on Plaintiffs' behalf; (ii) preparing and transmitting copies of such orders and notices on Plaintiffs' behalf; (iii) maintaining complete files with copies of all documents served and make such files available to defense counsel on request; (iv) maintaining and making available to all counsel and the Court an up-to-date service

7

list; and (v) accepting service for all plaintiffs in all cases of notices, orders, pleadings, motions, discovery, and memoranda.  Liaison Counsel will also handle administrative matters, as well as any substantive mattersin conjunction with Interim Co-Lead Classs Counsel. The proposed Co-Leads and Liaison Counsel will ensure efficiency by splitting tasks among themselves, and will seek assistance from memmebrs of the Sterring Committee as necessary through the use of specific, task-oriented, work assignments.

### ii.   Proposed Interim Co-Lead Class Counsel, Plaintiffs' Liaison Counsel, and Plaintiffs' Steering Committee Members Performed Substantial Work in Investigating this Action

Under the first Rule 23(g)(1)(A) factor, Proposed Interim Co-Lead Class Counsel, Plaintiffs' Liaison Counsel, and Plaintiffs' Steering Committee members have committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation. This work undertaken to date includes investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of the data breach and this litigation, and communicating with affected persons impacted by the Data Breach, and retained clients.  *See, e.g.,* April 13, 2023 Declaration of Benjamin F. Johns ("Johns Decl.") at ¶¶ 2-4; April 13, 2023  Declaration of Joseph M. Lyon ("Lyon Decl.") at ¶ 9; April 13, 2023 Declaration of Christian Levis ("Levis Decl.") at ¶ 5.

These firms continue to perform substantial work that has been (and will be) valuable to the class as the case moves forward. This includes, but is not limited to: (a) reviewing consumer communications concerning the data breach; (b) engaging in ongoing communications with putative class members; (c) investigating the scope of the data breach's consequences, and Defendants' public response regarding the same; (d) researching potential claims arising from the data breach and defenses thereto; and (e) using this research to begin preparing a detailed,

8

consolidated class action complaint. *See, e.g.,* Johns Decl. at ¶¶ 2-3; Lyon Decl. at ¶ 9 Levis Decl. at ¶ 5.

Proposed Interim Co-Lead Class Counsel, Plaintiffs' Liaison Counsel, and Plaintiffs' Steering Committee members have conducted all of the work necessary to prosecute this consolidated litigation thus far, and they stand ready, willing, and able to continue to devote the substantial effort and resources (including the advancement of costs) necessary for advancing the claims of Plaintiffs and the proposed class. *See, e.g.,* Johns Decl. at ¶ 13; Lyon Decl. at ¶ 9; Levis Decl. at ¶ 10.

> ### iii. Proposed Interim Co-Lead Class Counsel, Plaintiffs' Liaison Counsel, and Plaintiffs' Steering Committee Members Have Substantial Knowledge About and Are Experienced in Leading and Successfully Resolving Data Privacy Class Actions

Proposed Interim Co-Lead Class Counsel, Plaintiffs' Liaison Counsel, and Plaintiffs' Steering Committee members also satisfy the second and third Rule 23(g)(1)(A) factors. Data breach cases present unique and novel issues of fact and law that are always evolving. *See, e.g., Gordon v. Chipotle Mexican Grill, Inc.*, Case No. 17-cv-1415, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases… are particularly risky, expensive, and complex."); *Fulton-Green v. Accolade, Inc.*, Case No. 18-cv-274, 2019 WL 4677954, at *8 (E.D. Pa. Sept. 24, 2019) ("This is a complex case in a risky field of litigation because data breach class actions are uncertain and class certification is rare."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim co-lead class counsel who are experienced in such complex class action litigation, including data breach litigation and related issues, is in the best interest of the Class. *See Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel."). Proposed Co-Lead Counsel, Plaintiffs'

Liaison Counsel, and Plaintiffs' Steering Committee members have extensive experience leading and litigating data privacy matters against large corporate defendants such as Apple, Google, Wawa, Chipotle, GameStop. *See* Section III.B.1.iii., *infra*.

Mr. Johns, Mr. Lyon and Mr. Levis have also worked effectively together in numerous other matters. For example, Mr. Johns and Mr. Levis served together as court-appointed interim co-lead counsel in a consumer data breach class action in the Middle District of Pennsylvania. *See In re Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp. 3d 514 (M.D. Pa. 2021) (largely denying the defendant's motion to dismiss). Mr. Johns and Mr. Levis are also presently working cooperatively as co-lead counsel for the consumer and financial institution tracks, respectively, in the *In re Wawa Data Security Litigation*, Case No. 2:19-cv-06019-GEKP (E.D. Pa.), a highly-publicized payment card data breach case pending before Judge Pratter in this District. Mr. Johns and Mr. Levis are also working together in *In re Hope College Data Security Breach Litigation*, Case No. 1:23-cv-00109 (PLM) (PJG) (W.D. Mich.), in which they represent a class of consumers who were impacted in a data breach at Hope College that resulted in unauthorized access to highly sensitive personally identifiable information of approximately 156,783 individuals. And Mr. Johns and Mr. Lyon are presently serving on the Plaintiffs' Steering Committee on another data breach pending in Wisconsin. *Dusterhoft v. One Touch Point, Inc*, Case No. 22-cv-0882 (BHL), 2022 U.S. Dist. LEXIS 180195 (E.D. Wis. Sep. 29, 2022).

As demonstrated below, Mr. Johns, Mr. Lyon and Mr. Levis are each highly qualified to lead the consolidated action and should be appointed as Interim Co-Lead Class Counsel pursuant to FED. R. CIV. P. 23(g). *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

The qualifications and experience of each member of the proposed leadership team are further summarized below.

### Benjamin F. Johns of Shub & Johns LLC[2]

Mr. Johns is a founding partner at Shub & Johns LLC, which is headquartered in West Conshohocken, Pennsylvania. He was previously an equity partner with the law firm Chimicles Schwartz Kriner & Donaldson-Smith, LLP in Haverford, Pennsylvania where he worked for 17 years until he amicably left in November 2022. He is qualified to serve as Interim Co-Lead Class Counsel in this litigation due to his history of successfully prosecuting complex class action cases (including data breach litigation), and because of his significant involvement in the prosecution of the instant case. He was appointed as one of four co-lead counsel to represent the consumer class by Judge Pratter in *In re Wawa, Inc. Data Security Litig.*, Lead Case No. 2:19-cv-06019-GEKP (E.D. Pa.), and recently argued an appeal in that matter in the Third Circuit. More recently, Mr. Johns was appointed as one of two co-lead counsel by Judge Wolson in *Connexin*, *supra*.  He has also been appointed to serve as co-lead counsel in other data breach cases across the country. *See, e.g., Perdue v. Hy-Vee, Inc.*, Case No. 1:19-cv-01330-(MMM) (JEH), 2021 U.S. Dist. LEXIS 12691 (C.D. Ill. Jan. 25, 2021); *Kyles v. Stein Mart, Inc.*, Case No. 1:19-cv-00483 (CFC), 2021 U.S. Dist. LEXIS 202674 (D. Del. Oct. 19, 2021); *Gordon et al. v. Chipotle Mexican Grill, Inc.*, Case No. 17-cv-01415 (CMA) (SKC), 2019 U.S. Dist. LEXIS 215430 (D. Colo. Dec. 16, 2019); *Bray et al. v. GameStop Corp.*, Case No. 1:17-cv-01365 (JEJ), 2018 U.S. Dist. LEXIS 226221 (D. Del. Dec. 19, 2018); *In re Rutter's Inc. Data Security Breach Litig.*, Case No. 1:20-cv-382 (CCC) (KM) (M.D. Pa.); *In re Keystone Data Breach Litig.*, Case No. 1:22-cv-01643 (CCC) (M.D. Pa.). He is presently serving as co-lead

---

[2] Shub & Johns LLC's firm resume is attached as Exhibit1 to the Johns Decl.

counsel in *Kostka v. Dickey's Barbeque Rests*., Case No. 3:20-cv-3424-K (N.D. Tex.), where a $2.35 million settlement in a consumer data breach is awaiting final approval.

Other examples of recent cases in which Mr. Johns acted as a lead or co-lead counsel are:

- *In re: MacBook Keyboard Litigation*, No. 18-cv-2813 (N.D. Cal.) (Mr. Johns took and defended numerous depositions and successfully argued two motions to dismiss and co-argued plaintiffs' motion for class certification in this case which has settled for a $50 million common fund);

- *In re Nexus 6P Product Liability Litig.*, No. 5:17-cv-02185 (BLF) (N.D. Cal.) (Mr. Johns served as co-lead counsel – and argued two of the motions to dismiss – in this defective smartphone class action. The case resulted in a settlement valued at $9.75 million, which Judge Beth Labson Freeman described as "substantial" and an "excellent resolution of the case.");

- *In re MyFord Touch Consumer Litig*., No. 13-cv-03072 (EMC) (N.D. Cal.) (Mr. Johns served as court-appointed co-lead counsel in this consumer class action concerning allegedly defective MyFord Touch infotainment systems, which settled for $17 million shortly before trial); and

### Joseph M. Lyon of The Lyon Law Firm, LLC[3]

Joseph M. Lyon is the founder of The Lyon Law Firm*,* a Cincinnati, Ohio based law firm, representing individuals nationwide in class action and product liability litigation. With respect to data breach cases, Mr. Lyon has participated as co-lead counsel, as a member of Plaintiffs' Steering Committees, or a member of class counsel in over seventy (70) data breach class actions throughout the country, many of which include cases involving similar data security issues and claims brought in this matter. He is familiar with the complex law, necessary discovery, and settlement structures to successfully co-lead this litigation. *See* Exhibit C, Lyon Decl.*,* ¶ 7 ("Lyon Decl."); Exhibit 1; The Lyon Law Firm, LLC's profile and CV.

---

[3] The Lyon Law Firm, LLC's firm resume is attached as Exhibit 1 to the Lyon Decl.

Mr. Lyon's experience in specific data breach cases includes, among others: *Devine v. Health Aid of Ohio, Inc.*, Case No. CV-21-948117 (Cuyahoga County Court of Common Pleas, Ohio; co-lead counsel; Final Approval granted related to health care provider creating claims made settlement valued in excess of $12.5 million); *Migliaccio v. Parker Hannifin Corp.*, Case No. 1:22-cv-00835 (N.D. Ohio; interim co-lead counsel; preliminary approval granted for $1.75 million common fund); *In re Southern Ohio Health Systems Data Breach*, No. A2101886 (Hamilton County, Ohio; co-lead counsel; final approval granted for $1.95 million common fund arising from data breach of health systems); *Engle v. Talbert House*, No. A 2103650 (Hamilton County, OH; co-lead counsel; final approval for data breach class action involving unauthorized disclosure of health care data establishing claims made process valued in excess of $49.84 million); *Culbertson v. Deloitte Consulting LLP*, Case No. 1:20-cv-3962 (S.D.N.Y.) (Plaintiffs' class counsel and discovery committee; final approval of common fund for $4.95 million arising from data breach of unemployment benefits data system); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, Case No. No. 21-cv-61275 (RAR) (S.D. Fla.) (Executive Committee) (preliminary approval granted for $3.0 million common fund); and *Baker v. ParkMobile, LLC*, Case No. 1:21-cv-02182 (N.D. Ga.) ( Steering Committee) (data breach impacting over 21 million customers). *See* Lyon Decl., ¶ 7; Exhibit 1; The Lyon Law Firm, LLC's profile and CV.

In addition to data breach class action matters, Mr. Lyon has served as co-lead counsel in other privacy matters, such as *Hawkins v. Navy Federal Credit Union*, Case No. 1:19-cv-01186 (E.D. VA) (co-lead counsel; final approval granted for TCPA privacy class action common fund for $9,250,000). *See* Lyon Decl. ¶ 8. Moreover, Mr. Lyon also extensive experience handling complex litigation and discovery matters. Notably, he has represented thousands of individual plaintiffs in over forty (40) Multidistrict ("MDL") product liability matters where he has helped

13

develop both common benefit evidence and case-specific evidence to support the general liability claims. Mr. Lyon served on leadership committees in: MDL No. 1748 *In re Testosterone Replacement Therapy Products Liability Litigation* (member of discovery committee); MDL No. 2327 *In re Ethicon, Inc. Pelvic Repair Systems Product Liability Litigation* (member of discovery committee); *In re Actos (Pioglitazone) Products Liability Litigation -Wisniewski v. Takeda Pharmaceuticals et al*., Case No. 120702272 (Co-Counsel for bellwether trial in Philadelphia County. Jury awarded $2.34 million in compensatory damages.); and MDL No, 1598 *In re Ephedra Products Liability Litigation* (member of discovery committee). Finally, Mr. Lyon has served as lead counsel in numerous catastrophic injury cases involving medical malpractice, industrial accidents, automotive product liability, firearm product liability, and toxic exposure. These complex cases required extensive motion practice, discovery and courtroom skills that will help advance the interests of this class. *See* Lyon Decl. ¶ 6.

### Christian Levis of Lowey Dannenberg, P.C.[4]

Christian Levis is a partner in Lowey Dannenberg, P.C.'s New York office and head of the firm's data breach and privacy practice group. An avid computer programmer with experience developing both iOS and Android apps, Mr. Levis is involved in leading the prosecution of several consumer privacy actions against some of the largest technology companies in the world. *See, e.g., Frasco v. Flo Health, Inc., et al.*, Case No. 3:21-cv-757 (JD) (N.D. Cal.) (Mr. Levis serves as court appointed co-lead counsel in a class action representing a class of consumers alleging that Flo collected and disclosed their intimate health data to some of the largest data analytics and advertising companies); *Wesch v. Yodlee, Inc.*, Case No. 20-cv-05991 (N.D. Cal.) (Lowey represents a class of consumers whose financial data Yodlee collected

---

[4] Lowey Dannenberg, P.C.'s firm resume is attached as Exhibit 1 to the Levis Decl.

14

and sold without consent through software incorporated in third party applications); *In re Google Assistant Privacy Litigation*, Case No. 19-cv-04286 (N.D. Cal.) (Lowey serves as court-certified co-lead class counsel representing a class of consumers against Google arising out of Google's unlawful and intentional recording of confidential communications through its Google Assistant software); *Lopez v. Apple, Inc.*, Case No. 19-cv-04577 (N.D. Cal.) (Lowey represents a class of consumers alleging that Apple unlawfully and intentionally recorded confidential communications without consent through its Siri-enabled devices); *In re Apple Processor Litigation*, Case No. 18-cv-00147 (N.D. Cal.) (Lowey currently serves as co-lead class counsel in a class action against Apple alleging plaintifs were harmed by Apple's failure to disclose defects in its central processing units which exposed users' sensitive personal information to unauthorized third parties).

Mr. Levis has also levereged his technological experience as lead or co-lead counsel in class actions on behalf of consumers and financial institutions adversely impacted by deficient data security and handling practices. This includes major payment card data breaches. *See, e.g., In re Wawa Data Security Litigation*, Case No. 19-cv-6019-GEKP (E.D. Pa.) (Mr. Levis serves as interim co-lead class counsel on behalf of class of financial institutions in data breach compromising tens of millions of individuals personal information; secured a $28.5 million settlement for the class; pending preliminary approval); *In re Rutter's Inc. Data Security Breach Litigation*, Case No. 1:20-cv-00382 (Mr. Levis served as interim co-lead class counsel, along with Mr. Johns, on behalf of consumers impacted by data breach at Rutter's gas station chain).

As well as data breaches involving malware infected mobile apps and websites, as well as unauthorized access to networks. *See, e.g., Barr v. Drizly, LLC, et al.*, Case No. 1:20-cv-11492 (D. Mass.) (Lowey served as court-appointed class counsel on behalf of millions of consumers

impacted by a data breach at Drizly, one of the largest alcohol delivery companies. The court granted final approval of a settlement in which Drizly agreed to pay a total of no less than $1.05 and no more than $3.15 million, and issue service credits up to $447,750 in addition to implementing and maintaining sufficient data security measures to prevent future data breaches); *Hozza v. PrimoHoagies Franchising, Inc.*, Case No. 20-cv-4966 (D.N.J.) (Lowey served as court-appointed class counsel on behalf of consumers impacted by a data breach at PrimoHoagies. On March 22, 2023, the court granted final approval in which PrimoHoagies provided cash payments and credit monitoring to the class); *In re Hope College Data Security Breach Litigation*, Case No. 1:23-cv-00109 (PLM) (PJG) (W.D. Mich.) (Lowey represents a class of consumer against Hope College, who experienced a data breach of approximately 156,783 individuals).

And data breaches involving insurance company's quote portals unlawfully disclosing driver's license information under the DPPA, akin to DPPA claims brought in some of the Related Actions. *See, e.g., In re USAA Data Security Litigation*, Case No. 21-cv-05813 (VB) (S.D.N.Y.) (Lowey serves as interim co-lead class counsel in an action that alleges USAA allowed unauthorized third parties to intentionally target and improperly obtain driver's license numbers); *Rand v. The Travelers Indemnity Company*, Case No. 7:21-cv-10744 (VB) (S.D.N.Y.) (Lowey represents a class of consumers that alleges Travelers allowed unauthorized third parties to intentionally target and improperly obtain driver's license numbers).

Beyond just data breach and privacy cases, Mr. Levis has a proven track record of securing extraordinary results for Class members in complex class actions. For instance, Mr. Levis served with two other Lowey attorneys as court-appointed co-lead counsel representing Commonwealth of Pennsylvania Treasurer Joseph Torsella in *In re GSE Bonds Antitrust Litig.*, No. 19-cv-1704 (S.D.N.Y.) ("*GSE Bonds*"), a class action against sixteen of the world's largest banks that allegedly

conspired to fix the prices of debt securities issued by government sponsored entities for almost a decade. Operating under an extremely tight litigation schedule, Mr. Levis led the Lowey team responsible for preparing the case for trial. Plaintiff settled the action with Defendants for more than $386 million. Mr. Levis, as well as other Lowey attorneys, received the *American Antitrust Institute* award for Outstanding Antitrust Litigation Achievement in Private Law Practice as recognition for these significant results. Mr. Levis has also been directly involved in achieving similar results in other large, complex class cases, such as: *Sullivan v. Barclays plc*, Case No. 13-cv-2811 (PKC) (S.D.N.Y.) (Lowey serves co-lead counsel representing CalSTRS in this proposed class action against 12 banks and brokers for the alleged manipulation of the Euro Interbank Offered Rate. Settlements approved to date bring the total amount recovered for investors to more than $491.5 million) and *Laydon v. Mizuho Bank, Ltd.*, Case No. 12-cv-3419 (GBD) (S.D.N.Y.) (Lowey is sole lead counsel of this proposed class action alleging that a group of 44 banks and brokers conspired to manipulate the Yen LIBOR and the Euroyen TIBOR benchmark, interest rates. The court has granted final approval to $307 million in settlements).

Mr. Levis also manages Lowey's e-discovery infrastructure and has substantial experience in the use of analytics and technology-assisted document review in large class actions. *See* Levis Decl. ¶ 12. For example, Mr. Levis developed "An Analytics Cookbook for Complex Cases" that was presented at a leading industry conference after this workflow saved the class in *Laydon v. Mizuho Bank, Ltd.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) an estimated $2.5 million in time and expenses. *Id.* Mr. Levis leveraged these same techniques in the *GSE Bonds* case, to prioritize the review of more than 9.1 million pages of documents on an extremely tight discovery schedule. *Id.* These skills are essential in large privacy cases where discovery tends to involve highly technical issues, the depositions of software engineers and other technology professionals, and the review of thousands (if not millions) of documents.

17

### iv.   Proposed Interim Co-Lead Class Counsel Are Committed to Representing and Advancing the Interests of the Class

As to the fourth, Rule 23(g)(1)(A) factor, Proposed Interim Co-Lead Class Counsel along with Plaintiffs' Liaison Counsel and Plaintiffs' Steering Committee members are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs in these cases. *See, e.g.,* Johns Decl. at ¶ 16; Lyon Decl. at ¶ 9; Levis Decl. at ¶¶ 9-10. All firms are well capitalized and have years of experience prosecuting and self-funding complex class action litigation, including actions against some of the largest companies in the world. *See, e.g.,* Johns Decl. at ¶ 13 Lyon Decl. at ¶ 9; Levis Decl. at ¶ 11. Each firm has advanced millions of dollars to fund expenses in several of its cases, demonstrating a commitment to providing the resources and staffing needed to successfully prosecute class actions. Proposed Interim Co-Lead Class Counsel are also willing to advance all costs to prosecute this action and see it through completion, including advancing costs for document hosting, expert witnesses (both for liability and damages if necessary), and for trial. *See, e.g.,* Johns Decl. at ¶ 16; Lyon Decl. at ¶ 9; Levis Decl. at ¶ 11.

Mr. Johns, Mr. Lyon, and Mr. Levis along with their firms have a proven track-record of success leading complex class action cases, including data privacy matters. The experience here will be no different. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Interim Co-Lead Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal. *See, e.g.,* Johns Decl. at ¶ 4; Levis Decl. at ¶ 14.

Proposed Interim Co-Lead Class Counsel also brings its state-of-the-art in-house e-discovery infrastructure and proprietary algorithms to help speed up discovery and save the class time and money. *See* Levis Decl. at ¶ 12.  For example, an ISO 27001 certified law firm, Lowey Dannenberg maintains the unique capability to conduct end-to-end e-discovery completely in-house on its own secure discovery environment, a capability it developed and applied in numerous complex cases involving millions of documents, including most recently the *In re Google Assistant* privacy class action.[5] *Id.* at ¶ 13. Proposed Interim Co-Lead Class Counse's ability to securely conduct discovery in-house is especially useful in a case of this nature, where the data at issue is particularly sensitive. *Id.* Their firms possess the resources needed to prosecute this case to a successful resolution and will do so here.

Just as they have previously done, Proposed Interim Co-Lead Class Counsel are committed to working cooperatively and efficiently on behalf of Plaintiffs and the proposed class here. As Proposed Interim Co-Lead Class Counsel's history of organization shows, they are inclusive. Those efforts of inclusion resulted in a group of attorneys working toward the proper goal—a fair, reasonable, and adequate result. Each of these attorneys would be independently qualified to serve as co-lead class counsel and have significant experience in class actions, including data breach class actions.

In sum, Proposed Interim Co-Lead Class Counsel, along with Plaintiffs' Liaison Counsel and Plaintiffs' Steering Committee members, are committed to pursuing the best interests of

---

[5] This technology has resulted in significant cost-savings. For example, in *Sullivan v. Barclays plc*, Lowey litigated Sherman Act claims against eight multi-national banks on behalf of a class of investors for five years and requested only $155,362.11 in discovery-related expenses from a $491 million settlement. *See Sullivan v. Barclays plc*, No. 13-cv-2811 (PKC), ECF Nos. 411, 483 (S.D.N.Y.); *see also GSE Bonds*, No. 19-cv-1704 (JSR), ECF No. 159 (S.D.N.Y.) ("Lowey Dannenberg represents that it maintains its own e-discovery infrastructure. Again, this is not a dispositive factor, but it weighs slightly in []Lowey's favor.").

Plaintiffs and the proposed class in an efficient manner. They understand the time and resources necessary to pursue this action to a successful resolution. Their firms have already made significant investments of resources and time into the prosecution of these claims. Their firms possess the resources needed to prosecute this case to a successful resolution and will do so here.

### v. Additional Factors Supporting Appointment Rule 23(g)(1)(B)

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). One consideration here is that proposed Interim Co-Lead Counsel reached consensus among counsel who have filed cases in this Court to date about the proposed leadership structure. Rather than file competing leadership applications in as many as seven separate actions, counsel for all Plaintiffs met and conferred and agreed that it is in the best interest of the Plaintiffs and putative class members to form a unified front and cooperatively litigate the claims arising from the data breach in this action. This private ordering further supports appointing Messrs. Johns, Lyon and Levis as Interim Co-Lead Class Counsel. *See Manual*, §§ 10.22, 21.272.

Indeed, this cooperative approach was recently endorsed in *Connexin*, *supra*, where Judge Wolson's found that "the ability of a large group of lawyers to organize themselves and cooperate warrants their appointment as interim lead counsel." *Connexin*, at *1. The Court there found that the ability of counsel to cooperate with each other because it "will make for a more efficient prosecution of the case and lead to better outcomes for the putative class." *Id.* at *2. "In addition, when the cooperation leads to inclusion of a substantial number of the plaintiffs' lawyers, it enhances the potential value to the class because it ensures the most creativity." *Id.* Ultimately, Judge Wolson appointed a proposal submitted by Mr. Johns and others because it had a group of lawyers serving as co-lead counsel at the top, but also "incorporates other lawyers who filed cases

and presumably would have liked to be Interim Lead Counsel themselves." *Id.* The undersigned respectfully submit that the Court should likewise endorse that approach again here.

### vi. The Court Should Appoint Mr. Schaffer as Plaintiffs' Liaison Counsel

District Courts routinely appoint Liaison Counsel in data breach and privacy class actions including in this District. *See, e.g., In re Wawa, Inc. Data Security Litig.*, Case No. 2:19-cv-06019-GEKP, ECF No. 120 (E.D. Pa) (appointing three co-lead counsel and a liaison counsel for Financial Institutional Plaintiffs). This is also consistent with the practice in other data breach cases. *See, e.g., In re Equifax, Inc. Customer Data Security Breach Litig.*, Case No. 17-md-2800 (N.D. Ga.); *In re Marriott International Customer Data Security Breach Litigation*, Case No. 19-md-2879 (D. Md.); *In re: The Home Depot, Inc. Customer Security Breach Litig.*, Case No. 14-md-02583 (N.D. Ga.); *see also Manual*, § 10.22.

Charles E. Schaffer is a partner with Levin Sedran & Berman, LLC ("Levin Sedran") based in Philadelphia. With over 25 years of experience Mr. Schaffer is a nationally-recognized leader in complex and class action litigation, having been appointed as Lead or Co-Lead counsel or as a PSC member on a regular basis by federal courts across the country including in consumer class actions involving defective products, environmental contamination, data breaches and unfair and deceptive practices. *See* April 13, 2023 Affidavit of Charles E. Schaffer attached as Exhibt A; *see generally*, LSB resume attached as Exhibit "1" Through 35 years of serving its clients, Levin Sedran's attorneys have gained national recognition for their experience and skill and are frequently called upon to lead some of the largest class actions and mass torts in the country *See, e.g., In re: Diet Drug Product Liability Litigation*, MDL No. 1203 (E.D. Pa.) (As Co-Lead Counsel obtained a $6.75 billion-dollar settlement on behalf of consumers who ingested Fen Phen); *In re Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.) (As Subclass

Counsel working along with Lead Counsel obtained an uncapped settlement valued in excess of $1 billion dollars on behalf of NFL football players); *In re Chinese-Manufactured Drywall Product Liab. Litig.*, MDL No. 2047 (E.D. La.) (As Lead Counsel obtained inter-related settlements involving various suppliers, builders, installers, insurers and manufacturers of Chinese drywall valued in excess of $1 billion dollars); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.) (Special Counsel to the Plaintiffs' Fee and Cost Committee); *In re Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D.N.Y.) (As Co-Lead counsel in the decade long air cargo antitrust litigation Levin Sedran obtained 28 inter-related settlements against air cargo service providers totaling $1.2 billion dollars). *Ibid.*

Mr. Schaffer has been appointed to seventeen (17) leadership positions in MDLs by various different district courts across the nation. *Ibid.*  In addition, he has served in over forty (40) leadership positions in non-mdl complex litigation. *Ibid.*  He has concentrated his practice in representing consumers victimized by defective products, securing relief for consumers that are victims of data breaches and unfair or deceptive practices, as well as working cooperatively with others. *Ibid.* Through smart, efficient, strategy and tailored creative problem-solving, Mr. Schaffer and Levin Sedran has recovered billions of dollars for victims of environmental disasters, defective products, data breaches and unfair or deceptive practices. *Ibid.*  Mr. Schaffer's career highlights include *inter alia* :

- Appointed as Co-Lead counsel in *Pollard v. Remington Arms Company*, Case No. 4:13-cv-00086 (ODS) (W.D. Mo.), on behalf of over one million consumers who purchased firearms equipped with a defective fire control mechanism which would allow the firearm to discharge without pulling the trigger and placing the user of the firearm as well as bystanders at a grave risk of injury and even death. A nationwide settlement was achieved requiring Remington to repair and retrofit all firearms to prevent the guns from firing without a trigger pull which prevented injuries and deaths from accidental discharges. The settlement value was $97 million.

- Appointed and served as member of three-person executive committee, in *In re Wells Fargo Insurance Marketing Sales Practices Litigation*, MDL No. 2797 (C.D. Cal.), and was instrumental in obtaining evidence to establish Wells Fargo unlawfully placing duplicative, unnecessary, and overpriced collateral protection policies on their customer's automobile loan accounts. A nationwide settlement in the amount of $423.5 million was achieved along with business practice changes.

- Appointed and served as Co-lead and Co-Class Counsel in *Armando Herrera v. Wells Fargo Bank*, Case No. 8:18-cv-00332 (C.D. Cal.), and was instrumental in obtaining evidence to establish Wells Fargo unlawfully failed to repay borrowers for prepaid GAP insurance when they satisfied or paid off the auto loan prior to maturity, as required by the terms of the agreement, and charged unwarranted fees. A nationwide settlement in excess of $300 million was achieved along with business practice changes.

- Appointed and served as Co-Lead and Co-Class Counsel in *Segebarth v. CertainTeed LLC*, Case No. 19-5500 (E.D. Pa.), obtaining a national settlement on behalf of consumers with defective roofing products. The total value of the settlement benefits available to Class Members is valued at $900 million and the value of the enhanced warranty benefits to be paid out over the seven-year claims period is $99,138,852.

- Served as liaison counsel and on discovery and settlement committees in *In re: CertainTeed Siding Litigation*, MDL No. 2270 (E.D. Pa), and achieved a $103.9 million nationwide settlement on behalf of homeowners with defective fiber cement siding.

- Serving as court-appointed leadership and on committees on behalf of injured individuals, public entities, health and welfare funds, corporations and consumers in cases of national scope including *In re Phillips Recalled CPAP, BI-Level PAP, Mechanical Ventilator Products Liability Litigation*, MDL No. 3014 (W.D. Pa.) (appointed Plaintiffs' Discovery Liaison Counsel for *Phillips* and *SoClean* MDLs); *In re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2873 (D.S.C.) (appointed member of Plaintiffs' Executive Committee); *In Re: Valsartan Losartan and Irbesartan Products Liability Litigation*, Case No. 1:19-md-02875-RBK-JS (D.N.J.) (serving as a member of Third Party Payor Committee); *Feezle et al v. Norfolk Southern Railway Co. et al (Norfolk Sourthern Train Derailment )*, (N.D. OH.) (appointed member of Plaintiffs' Executive Committee) and others.

Of particular relevance to this litigation, Mr. Schaffer and his firm has extensive experience in successfully prosecuting and reaching settlments in data breach and privacy cases, including serving as a member of leadership in *In re Target Corporation Customer Data Security Breach Litigation*, MDL No. 2522 (D. Minn.) (retailer compromised consumer data requiring financial institutions to issue new credit cards, settlement value $39 million settlement for plaintiff financial

institutions), *Green v. Accolade, Inc*., Case No. 2:18-cv-00274 (E.D. Pa.) (employer data breach resulting in compromised employee PII); *Kuss v. American Home Patient, Inc. et. al.*, Case No. 8:18-cv-0248 (M.D. Fla.) (stolen laptops from medical provider compromised patient's medical information); *Abdelmessih v. Five Below, Inc.*, Case No 2:19-cv-01487 (E.D. Pa.) (retailer data breach compromising customers' PII); *In re Hudson's Bay Company Data Security Incident Consumer Litigation*, Case No. 18-cv-8472 (S.D.N.Y.) (retailer data breach compromised customers' electronically-stored PII), *Hasehemi v. Bosley, Inc.,* Case No. 2:21-cv-00946 (C.D .Ca.) (hair restoration company compromised customers' electronically stored PII and medical and/or health information), *Culbertson v. Deloitte Consulting LLP*, Case No 1:20-cv-3962 (S.D.N.Y) (accounting firm as part of the Pandemic Unemployment Assistance ("PUA") program compromised applicants electronically stored PII). In addition,  Mr. Schaffer has proescuted many other data breaches as a member of a litigation team assisting leadership in the prosecution of the class actions*. See, e.g., In re Wawa, Inc. Data Security Litig.*, Case No. 2:19-cv-06019-GEKP, (E.D. Pa) (convivence store conglomerate compromised consumer credit card information requiring financial institutions to issue new credit cards, served as co-chair of third-party discovery committee for financial track); *see also* Schaffer Affidavit and Leven Sedran resume. In addition, Mr. Schaffer and his firm have experience in privacy cases, including serving as Co-Lead Counsel in *Bryd v. Aaron's Inc*., Case No. 11-101 (W.D. Pa.) and *Peterson v. Aaron's Inc.*, Case No. 1-14-cv-1919 (N.D. Ga.) (where defendant placed spyware on rental computers) and on the Executive Committee in *In re Carrier IQ, Inc., Consumer Privacy Litigation*, Case No. 12-md-1330 (N.D. Cal.) (where defendant placed software on mobile devices).  *Ibid.*

As demonstrated above, Mr. Schaffer is well-versed in complex litigation including the factual and legal nuances of data breach cases and has been involved in all phases of data breach

litigation, from the initial investigation through obtaining relief for the class through a nationwide settlement. Based on his complex litigation experience, Mr. Schaffer and his firm are well-qualified to serve as Liaison Counsel. Along with his class action and mass tort experience, Mr. Schaffer has an LLM in Trial Advocacy and has extensive experience prosecuting complex individual actions on behalf of injured individuals in products liability, medical negligence and drug and medical device actions.  He has served as Lead Counsel in these matters and successfully tried cases to jury verdicts. Undoubtedly, Interim Co-Lead Class Counsel and members of the PSC will benefit from his insight and experience in prosecuting and trying those actions to jury verdicts

### vii.   The Court Should Also Appoint a Plaintiffs' Steering Committe

As noted above, Plaintiffs also respectfully submit that the Court appoint a Plaintiffs' Steering Committee ("PSC") comprised of the following four attorneys: Terence R. Coates of Markovits, Stock & DeMarco, LLC;[6] Mark B. DeSanto of Sauder Schelkopf LLC;[7] Danielle Perry of Mason LLP;[8] and Carl Malmstrom of Wolf Haldenstein.[9] Each of the Proposed PSC members and their firms maintain records of success in complex class litigation, including data breach litigation.

District courts routinely approve Plaintiff Steering Committees in complex data breach and privacy class actions. *See, e.g., In re: Eskenazi Health Data Incident Litig.*, Case No. 49D01-2111-PL-038870 (Ind. Comm. Ct. Jan. 24. 2022) (appointing three lawyers to PSC in class action involving disclosure of sensitive medical information and other PII/PHI); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, Case No. 21-md-02994 (RAR), 2022 WL 777021, at *1

---

[6] *See* https://www.msdlegal.com/attorney/coates-terence-r/
[7] *See* https://www.sauderschelkopf.com/about-us/.
[8] *See* https://www.masonllp.com/staff/danielle-l-perry/.
[9] *See* https://www.whafh.com/team/carl-malmstrom/.

(S.D. Fla. Feb. 22, 2022) (court "adopted the Majority Groups' proposed leadership structure, including the creation of the PSC" and "appointed five law firms to the PSC"); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, Case No. 11-md-2258 (AJB) (MDD), ECF No. 60 (S.D. Cal. Nov. 29, 2011) (appointing two firms as co-lead counsel and a five-firm PSC in data breach class action lawsuit); *In re Experian Data Breach Litig.*, Case No. 15-cv-01592 (C.D. Cal.) (appointing multiple co-leads and a plaintiffs' steering committee).

        **C.**      **The Court Should Set a Schedule for Filing a Consolidated Complaint**

Finally, Plaintiffs propose an expeditious and efficient schedule for the Consolidated Action. Specifically, they propose filing an operative, Consolidated Class Action Complaint within forty-five (45) days from the consolidation order.[10] Both defendants would be relieved from responding to the initial complaints filed in the seven cases in the interim.

**IV.**    **<u>CONCLUSION</u>**

For the reasons set forth above, Plaintiffs respectfully ask the Court to grant their motion and enter an order: (1) consolidating the Related Actions; (2) appointing Benjamin F. Johns of Shub & Johns LLC, Joseph M. Lyon of The Lyon Law Firm, LLC, and Christian Levis of Lowey Dannenberg, P.C. as Interim Co-Lead Class Counsel; (3) appointing Charles E. Schaffer of Levin Sedran & Berman LLP as Plaintiffs' Liaison Counsel; (4) appointing Terence R. Coates of Markovits, Stock & Demarco, LLC, Danielle L. Perry of Mason LLP, Mark B. DeSanto of Sauder Schelkopf LLC, and Carl Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC to a Plaintiffs' Steering Committee; and (5) approve the proposed deadline for Plaintiffs to file their Consolidated Class Action Complaint. A proposed order granting this relief is submitted herewith.

---

[10] *See Rutter's Inc. Data Security Breach Litigation*, No. 1:20-cv-00382, ECF No. 12 (M.D. Pa.) (order consolidating data breach action and ordering plaintiffs to file an operative, consolidated amended complaint within sixty (60) days of the consolidation order).

Dated: April 13, 2023                    Respectfully submitted,

_____

**SHUB & JOHNS LLC**
Jonathan Shub (PA I.D. #53965)
Benjamin F. Johns (PA I.D. #201373)
Samantha Holbrook (PA I.D. #311829)
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
Telephone: (610) 477-8380
Fax: (856) 210-9088
jshub@shublawyers.com
bjohns@shublawyers.com
sholbrook@shublawyers.com

*Attorneys for Plaintiffs Jude Palmer and Howard
Suh and the Proposed Class*

Gary E. Mason
(*pro hac vice* forthcoming)
Danielle L. Perry
(*pro hac vice* forthcoming)
Lisa A. White
(*pro hac vice* forthcoming)
**MASON LLP**
5101 Wisconsin Avenue, NW, Suite 305
Washington, D.C. 20016
Telephone: (202) 429-2290
gmason@masonllp.com
dperry@masonllp.com
lwhite@masonllp.com

*Attorneys for Plaintiff Howard Suh and
the Proposed Class*

Joseph B. Kenney (PA I.D. #316557)
Mark B. DeSanto (PA I.D. #320310)
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (888) 711-9975
Fax: (610) 421-1326

Charles E. Schaffer (PA I.D. #76259)
Nicholas J. Elia (PA I.D. #325978)
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
cschaffer@lfsblaw.com
nelia@lfsblaw.com

Bryan L. Bleichner
(*pro hac vice* forthcoming)
Philip J. Krzeski
(*pro hac vice* forthcoming)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue S., Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Fax: (612) 336-2940
bbliechner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

Joseph M. Lyon
(*pro hac vice* forthcoming)
**THE LYON LAW FIRM, LLC**

27

jbk@sstriallawyers.com
mbd@sstriallawyers.com

*Attorneys for Plaintiff Kylie Meyer and
the Proposed Class*

2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
Fax: (513) 766-9011
jlyon@thelyonfirm.com

*Attorneys for Plaintiff Joseph Lindquist and the
Proposed Class*

Christian Levis
(*pro hac vice* forthcoming)
Amanda G. Fiorilla
(*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

Anthony M. Christina (PA I.D. #322528)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Telephone: (215) 399-4770
Fax: (914) 997-0035
achristina@lowey.com

*Attorneys for Plaintiff Ernesto Medina
and the Proposed Class*

Mark C. Rifkin (PA I.D. #43614)
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Fax: (212) 686-0114
rifkn@whafh.com

Carl V. Malmstrom
(*pro hac vice* forthcoming)
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

*Attorneys for Plaintiff Christine Neubauer and
the Proposed Class*

Charles E. Schaffer (PA I.D. #76259)
Nicholas J. Elia ((PA I.D. #325978)
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
cschaffer@lfsblaw.com
nelia@lfsblaw.com

Terence R. Coates
(*pro hac vice* forthcoming)
Dylan J. Gould
(*pro hac vice* forthcoming)

28

**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
tcoates@msdlegal.com
dgould@msdlegal.com

Joseph M. Lyon
(*pro hac vice* forthcoming)
**THE LYON LAW FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
jlyon@thelyonfirm.com

*Attorneys for Plaintiff Lillian Mardikian and the Proposed Class*

29