# *Exhibit "1"*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re: NCB Management Services, Inc. Data Breach Litigation* | Case No. 2:23-cv-01236-KNS |

**STIPULATION AND AGREEMENT OF CLASS ACTION SETTLEMENT**

## TABLE OF CONTENTS

1. Recitals ............................................................................................................... 2

2. Definitions ......................................................................................................... 7

3. Settlement Class Certification ........................................................................ 18

4. Settlement Fund ............................................................................................... 18

5. Settlement Fund Account ................................................................................ 19

6. Presentation of Settlement to the Court .......................................................... 22

7. Settlement Benefits and Distribution Plan ...................................................... 23

8. NCB's Additional Obligations ........................................................................ 34

9. Duties of Claims Administrator ...................................................................... 34

10. Notice Plan ...................................................................................................... 37

11. CAFA Notice by Defendant ............................................................................ 38

12. Mutual Releases and Covenant Not to Sue ..................................................... 38

13. Effective Date .................................................................................................. 39

14. Termination ..................................................................................................... 40

15. No Admission of Liability ............................................................................... 43

16. Opt-Outs .......................................................................................................... 44

17. Objections ........................................................................................................ 46

18. Service Awards ................................................................................................ 47

19. Attorneys' Fees and Expenses ........................................................................ 48

20. Confidentiality ................................................................................................ 49

21. Notices ............................................................................................................. 49

22. Stay .................................................................................................................. 50

23. Disputes and Controversies ............................................................................ 50

24. Miscellaneous Provisions ................................................................................ 52

This Stipulation and Agreement of Class Action Settlement (the "Agreement" or "Settlement Agreement")[1] is made as of April 2, 2025 (the "Execution Date"), by and between the following Parties (a) Plaintiffs Joseph Lindquist, Lillian Mardikian, Howard Suh, Ernesto Medina, Benedict Lozada, Edward Del Hierro, Tobi Patterson, Jude-Law Palmer, Kevin Bliss, Michael Teixeira, Diane Ross, Jacqueline O'Brien, Kelly Matts, Micael Martin, Christine Neubauer, and Bryan Woodlow, (collectively, the "Plaintiffs"), on behalf of themselves and the Settlement Class; and (b) Defendant NCB Management Services, Inc. ("NCB" or "Defendant"). This Agreement fully and finally compromises and settles any and all claims that are, were, or could have been asserted in *In re: NCB Management Services, Inc. Data Breach Litigation*, Case No. 2:23-cv-01236-KNS (E.D. Pa.) (the "Action") as well as any related member cases consolidated into the Action (*see* Order, ECF No. 13 (E.D. Pa. June 5, 2023)), in which the Action serves as the Lead Case.

1. **Recitals**

1.1.   NCB is a national debt buyer, debt collector, and provider of Accounts Receivable Management and Call Center Management solutions for financial services companies, banks, and lenders such as Bank of America Corporation ("Bank of America") and Pathward N.A. f/k/a Metabank N.A. ("Pathward").

1.2.   On or around February 4, 2023, NCB learned that a threat actor gained access to its systems on February 1, 2023, and allegedly stole files containing Personal Information. (the "Data Breach").

---

[1] All capitalized terms are defined in Section 2 below.

1.3.    On or around February 18, 2023, NCB received confirmation and physical evidence from the threat actor that the data allegedly taken was destroyed.

1.4.    The Data Breach may have affected up to approximately 1,631,422 people.

1.5.    NCB and Bank of America Corporation notified potentially affected individuals that their Personal Information may have been compromised in the Data Breach. The Personal Information included their first and last names, addresses, phone numbers, email addresses, dates of birth, employment positions, pay amounts, driver's license numbers, Social Security numbers, account numbers, credit card numbers, routing numbers, account balances, and/or account statuses.

1.6.    On March 30, 2023, Plaintiff Joseph Lindquist filed a class action complaint against NCB in the U.S. District Court for the Eastern District of Pennsylvania, asserting claims arising out of the Data Breach. *See Lindquist v. NCB Management Services, Inc.*, Case No. 2:23-cv-01236 (E.D. Pa.) ("*Lindquist*").

1.7.    On March 31, 2023, Plaintiff Lillian Mardikian filed a class action complaint against NCB in the U.S. District Court for the Eastern District of Pennsylvania, asserting claims arising out of the Data Breach. *See Mardikian v. NCB Management Services, Inc.*, Case No. 2:23-cv-01246 (E.D. Pa.) ("*Mardikian*").

1.8.    On March 31, 2023, Plaintiff Ernesto Medina filed a class action complaint against NCB in the U.S. District Court for the Eastern District of Pennsylvania, asserting claims arising out of the Data Breach. *See Medina v. NCB Management Services, Inc.*, Case No. 2:23-cv-01270 (E.D. Pa.) ("*Medina*").

1.9.    On April 4, 2023, Plaintiff Christine Neubauer filed a class action complaint against NCB in the U.S. District Court for the Eastern District of Pennsylvania, asserting claims

arising out of the Data Breach. *See Neubauer v. NCB Management Services, Inc.*, Case No. 2:23-cv-01300 (E.D. Pa.) ("*Neubauer*").

1.10.    On April 5, 2023, Plaintiff Jude Palmer filed a class action complaint against NCB and Bank of America in the U.S. District Court for the Eastern District of Pennsylvania, asserting claims arising out of the Data Breach. *See Palmer v. NCB Management Services, Inc., et al.*, Case No. 2:23-cv-01315 (E.D. Pa.) ("*Palmer*").

1.11.    On April 6, 2023, Plaintiff Howard Suh filed a class action complaint against NCB in the U.S. District Court for the Eastern District of Pennsylvania, asserting claims arising out of the Data Breach. *See Suh v. NCB Management Services, Inc.*, Case No. 2:23-cv-01338 (E.D. Pa.) ("*Suh*").

1.12.    On April 6, 2023, Plaintiff Kylie Meyer filed a class action complaint against NCB and Bank of America in the U.S. District Court for the Eastern District of Pennsylvania, asserting claims arising out of the Data Breach. *See Meyer v. NCB Management Services, Inc., et al.*, Case No. 2:23-cv-01340 (E.D. Pa.) ("*Meyer*").

1.13.    On April 19, 2023, Plaintiff Bryan Woodlow filed a class action complaint against NCB in the U.S. District Court for the Northern District of Illinois, asserting claims arising out of the Data Breach. *See Woodlow v. NCB Management Services, Inc.*, Case No. 1:23-cv-02455 (N.D. Ill.); Case No. 2:23-cv-01821 (E.D. Pa.) ("*Woodlow*").

1.14.    In total, eight (8) putative class actions against NCB were filed in the U.S. District Court for the Eastern District of Pennsylvania and the Northern District of Illinois related to the Data Breach.

1.15.    On April 13, 2023, Plaintiffs in the *Lindquist*, *Mardikian*, *Medina*, *Neubauer*, *Palmer*, *Suh*, and *Meyer* actions moved to consolidate all of the then pending related actions in

the U.S. District Court for the Eastern District of Pennsylvania against NCB and Bank of America, and to appoint Interim Co-Lead Class Counsel, Liaison Counsel, and a Plaintiffs' Steering Committee.

1.16.    On May 15, 2023, pursuant to a stipulation, the *Woodlow* action was transferred from the U.S. District Court for the Northern District of Illinois to the Eastern District of Pennsylvania.

1.17.    On June 5, 2023, the Court consolidated the eight (8) putative class actions against NCB and Bank of America as *In re NCB Management Services, Inc. Data Breach Litigation*, Case No. 2:23-cv-01236.

1.18.    On June 5, 2023, the Court appointed Christian Levis of Lowey Dannenberg, P.C., Joseph M. Lyon of The Lyon Law Firm, LLC, and Benjamin F. Johns of Shub & Johns, LLC n/k/a Shub Johns & Holbrook LLP as Interim Co-Lead Class Counsel; Charles E. Schaffer of Levin Sedran & Berman as Liaison Counsel; and Terence R. Coates of Markovits, Stock & DeMarco, LLC, Mark B. DeSanto of Sauder Schelkopf LLC, Danielle L. Perry of Mason LLP, and Carl Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC to Plaintiffs' Steering Committee.

1.19.    On June 28, 2023, the Court amended its June 5, 2023 leadership order and substituted Mark B. DeSanto of Sauder Schelkopf LLC for Joseph B. Kenny of Sauder Schelkopf LLC on Plaintiffs' Steering Committee.

1.20.    On July 20, 2023, Plaintiffs Joseph Lindquist, Lillian Mardikian, Howard Suh, Ernesto Medina, Benedict Lozada, Edward Del Hierro, Kylie Meyer, Tobi Patterson, Jude-Law Palmer, Kevin Bliss, Michael Teixeira, Diane Ross, Jacqueline O'Brien, Kelly Matts, Micael Martin, and Timothy Beeker filed their Consolidated Complaint against

5

Defendants NCB, Bank of America, and Pathward which, among other things, asserted claims arising out of the Data Breach for negligence, negligence *per se*, breach of implied contract, breach of contract – third party beneficiaries, invasion of privacy, unjust enrichment, violations of the federal Fair Credit Reporting Act and Drivers Privacy Protection Act, violations of state consumer protection statutes, and declaratory and injunctive relief.

1.21.    Defendants NCB, Bank of America, and Pathward moved to dismiss Plaintiffs' Consolidated Complaint on October 3, 2023. The motion to dismiss was fully briefed by December 11, 2023.

1.22.    On August 28, 2024, before the Court ruled on the pending motions to dismiss, Plaintiffs Joseph Lindquist, Lillian Mardikian, Howard Suh, Ernesto Medina, Benedict Lozada, Edward Del Hierro, Kylie Meyer, Tobi Patterson, Jude-Law Palmer, Kevin Bliss, Michael Teixeira, Diane Ross, Jacqueline O'Brien, Kelly Matts, Micael Martin, and Timothy Beeker voluntarily dismissed their claims, with prejudice, against Bank of America and Pathward.

1.23.    On September 11, 2024, the Court granted NCB's partial motion to dismiss. Since NCB had not moved to dismiss Plaintiffs' claims for negligence and for declaratory and injunctive relief, these causes of action remained in the case following the Court's decision on NCB's motion to dismiss.

1.24.    On December 18, 2024, Plaintiffs and NCB engaged in an all-day mediation with mediator Bennett G. Picker of Stradley Ronon Stevens & Young, LLP, which resulted in an agreement in principle to settle the case on a classwide basis.

1.25.    Defendant has not and does not admit any allegations of the Consolidated Complaint.

1.26.    The Parties have considered the uncertainty and risk of further litigation of the Action—including through further motion practice, discovery, class certification, trial, and any possible appeals—and the duration, expense, difficulties, and delays inherent in such litigation.

1.27.    The Parties are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Action and the defenses thereto.  The Parties have determined that the Settlement set forth in this Agreement is in their respective best interests and that the Agreement is fair, reasonable, and adequate.  The Parties have therefore agreed to settle the claims asserted in the Action pursuant to the terms and provisions of this Agreement, subject to Court approval.

1.28.    It is the intention of the Parties to resolve the disputes and claims which they have between them on the terms set forth below.

NOW, THEREFORE, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of the Parties to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree as follows:

## 2.  **Definitions**

As used in all parts of this Agreement, including the recitals above, and the exhibits hereto, the following terms have the meanings specified below:

2.1.    "**Action**" means *In re NCB Management Services, Inc. Data Breach Litigation*, Case No. 2:23-cv-01236-KNS (E.D. Pa.).

2.2.    "**Agreement**" or "**Settlement Agreement**" means this Stipulation and Agreement of Class Action Settlement and all of its attachments and exhibits, which the Parties

7

understand and agree set forth all material terms and conditions of the Settlement of the Action between them and which is subject to approval by the Court.

2.3.    "**Alternative Cash Payment**" means the form of Settlement Benefits as described in Section 7.

2.4.    "**Alternative Cash Payment Fund**" equals the Net Settlement Fund minus the Cash Payments for Out-of-Pocket Losses.

2.5.    "**Approved Claim(s)**" means a Settlement Claim Form submitted by a Settling Class Member that (a) is timely and submitted in accordance with the directions on the Settlement Claim Form and the terms of this Agreement; (b) is physically signed or electronically verified by the Settling Class Member; (c) satisfies the conditions of eligibility for a Settlement Benefit as set forth herein; and (d) has been approved by the Claims Administrator.

2.6.    "**Authorized Claimant(s)**" means a Settling Class Member(s) that has filed an Approved Claim and is entitled to payment pursuant to this Agreement or order of the Court.

2.7.    "**Bank of America**" refers to Defendant Bank of America Corporation.

2.8.    "**Business Days**" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the U.S. federal government.  For the avoidance of doubt, Business Days shall be defined with reference to Eastern Time (ET).

2.9.    "**CAFA Notice**" means the notice to be disseminated to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b) and in accordance with Section 11 of this Agreement.

2.10.    "**Cash Payment for Out-of-Pocket Losses**" means the form of Settlement Benefits as described in Section 7.

2.11.    "**Claims Administration Costs**" means all reasonable costs and expenses incurred by the Claims Administrator in carrying out its duties under this Agreement, including but not limited to all costs and expenses incurred in connection with creating and distributing any Notice called for by this Agreement, including but not limited to, notice pursuant to the Notice Plan.

2.12.    "**Claims Administrator**" means Kroll Settlement Administration LLC, an administrator selected by the Parties to perform the tasks necessary to provide Notice of the Settlement to the Settlement Class and to otherwise administer the Settlement Fund, as described further herein.

2.13.    "**Class Counsel**" means Christian Levis of Lowey Dannenberg, P.C., Joseph M. Lyon of The Lyon Law Firm, LLC, and Benjamin F. Johns of Shub Johns & Holbrook LLP.

2.14.    "**Class List**" means the list of individuals whose Personal Information was compromised in the Data Breach that will be provided to the Claims Administrator.

2.15.    "**Consolidated Complaint**" means the Consolidated Class Action Complaint, at ECF No. 24, filed in the Action on July 20, 2023.

2.16.    "**Court**" means the U.S. District Court for the Eastern District of Pennsylvania, Judge Kai N. Scott presiding, where the Action is pending.

2.17.    "**Data Breach**" means the unauthorized third-party access to NCB's systems that was made public by NCB on or about March 24, 2023.

2.18.    "**Defendant**" means NCB Management Services, Inc., which has been named as a defendant in the Action.

2.19.    "**Distribution Plan**" means the plan of allocation developed to allocate the Net Settlement Fund, as described in Section 7 of this Agreement.

2.20.    "**Effective Date**" means the date when all of the conditions set forth in Section 13 of this Agreement have occurred.

2.21.    "**Fairness Hearing**" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Agreement pursuant to Federal Rule of Civil Procedure 23 and whether to enter a Final Approval Order and Judgment.  The Final Approval Order and Judgment shall be entered no earlier than one hundred forty (140) days after entry of the Preliminary Approval Order to ensure compliance with 28 U.S.C. § 1715.

2.22.    "**Fee and Expense Application**" means any motion or request Class Counsel submit to the Court for payment of reasonable attorneys' fees and reimbursement of expenses incurred in prosecuting the Action and resolving the claims that are the subject of this Settlement.

2.23.    "**Final**" (with respect to a judgment or any other court order) means: (i) if no appeal is taken, the expiration of the time to file a notice of appeal under the Federal Rules of Appellate Procedure; or (ii) if an appeal is taken from the judgment or order: (a) the date of final dismissal of any such appeal, or the final dismissal of any proceeding on certiorari or otherwise; or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.

2.24.   "**Final Approval**" means entry of a Final Approval Order and Judgment.

2.25.   "**Final Approval Order and Judgment**" means an order and judgment that the Court enters after the Fairness Hearing in the form of or materially in the form of the proposed Final Approval Order and Judgment, which will be submitted with the motion seeking Final Approval of the Settlement.

2.26.   "**Liaison Counsel**" means Charles E. Schaffer of Levin Sedran & Berman.

2.27.   "**Long Form Notice**" means the form of Notice of the proposed Settlement to be made available to Settlement Class Members, attached as **Exhibit C** or substantially similar to the notice attached as **Exhibit C**.

2.28.   "**NCB's Counsel**" means the undersigned attorneys and all counsel of record in the Action for NCB from the law firm of Marshall Dennehey, P.C.

2.29.   "**Net Settlement Fund**" means the Settlement Fund less any Court-approved disbursements, including: (i) Taxes (ii) Claims Administration Costs; (iii) attorneys' fees and expenses awarded by the Court; (iv) any Service Awards approved by the Court; and (v) any other Court-approved costs and expenses.

2.30.   "**Notice**" means reasonable notice of the Settlement provided to Settlement Class Members pursuant to Federal Rule of Civil Procedure 23(e). The Notice shall describe the Settlement and advise the Settlement Class Members of the scheduling of the Fairness Hearing and of any applicable procedure for submitting objections to the Settlement.

2.31.   "**Notice Date**" means the date by which Notice will be fully commenced, which shall be forty-five (45) days after the Court enters the Preliminary Approval Order.

2.32.   "**Notice Plan**" means the Settlement notice program to be presented to the Court for approval in connection with a motion seeking a Preliminary Approval Order.  The Notice Plan includes the Long Form Notice, Short Form Notice, Settlement Website and toll-free telephone line to be made available to Settlement Class Members.

2.33.   "**Objection Deadline**" means the deadline by which any Settlement Class Member seeking to object to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, Distribution Plan, the Final Approval Order and Judgment, the application for attorneys' fees and expenses, or the Service Awards, or making a request to be heard and appear, in person or by his or her attorney, at the Fairness Hearing and present evidence or argument that may be proper and relevant must file a written objection or request to be heard with the Court and serve on the Parties' Counsel, according to the procedures set forth in the Preliminary Approval Order and the Notice. Such deadline shall be sixty (60) days after the Notice Date.

2.34.   "**Opt-Out Deadline**" means the deadline by which any Settlement Class Member requesting to be excluded (*i.e.*, opt out) from the Settlement Class must submit a written exclusion request, according to the procedures set forth in the Preliminary Approval Order and the Notice. Such deadline shall be sixty (60) days after the Notice Date.

2.35.   "**Out-of-Pocket Losses**" are documented unreimbursed costs or expenditures incurred by a Settling Class Member that are fairly traceable to the Data Breach. Out-of-Pocket Losses may include, without limitation, the following: (1) unreimbursed costs, expenses, losses, or charges incurred on or after March 24, 2023, as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of a Settlement Class Member's Personal Information; (2) costs incurred on or after March 24, 2023,

associated with purchasing, accessing, or freezing/unfreezing credit reports with any credit reporting agency; (3) other miscellaneous expenses incurred related to any Out-of-Pocket Loss, such as notary, fax, postage, copying, mileage, internet usage charges (if either charged by the minute or incurred solely as a result of the Data Breach), and long-distance telephone charges and cellphone minutes (if charged by the minute); (4) credit monitoring, fraud resolution, or other mitigative services or costs that were incurred on or after March 24, 2023, through the date of the Settlement Class Member's claim submission; (5) time spent on or after March 24, 2023, through the date of the Court enters the Preliminary Approval Order trying to prevent and redress misuse of Personal Information, including monitoring financial or other accounts, researching the Data Breach, researching credit and identity theft monitoring options and/or communicating with financial or other institutions, or taking other actions reasonably related to or in response to receipt of NCB's or Bank of America's notice concerning the Data Breach and (6) other documented losses incurred by a Class Member that are fairly traceable to the Data Breach by the Claims Administrator.

2.36. "**Pathward**" refers to Defendant Pathward, N.A. f/k/a Metabank, N.A.

2.37. "**Parties**" means the Plaintiffs, on behalf of themselves and the Settlement Class, and NCB, as Parties to this Settlement Agreement, with each being a "Party."

2.38. "**Parties' Counsel**" means Class Counsel, Liaison Counsel, Plaintiffs' Steering Committee, and NCB's Counsel.

2.39. "**Person**" means a natural person or, in the case of death, any spouses, heirs, predecessors, successors, representatives or assigns of any of the foregoing.

2.40.    "**Personal Information**" is intended to be broadly construed and includes any information that could be used to identify, locate, or contact a Person (whether on its own or in combination with other information).  The term Personal Information also includes, without limitation, first and last names, addresses, phone numbers, email addresses, dates of birth, employment positions, pay amounts, driver's license numbers, Social Security numbers, account numbers, credit card numbers, routing numbers, account balances, and/or account statuses.  For the avoidance of doubt, the term Personal Information includes all information of Settlement Class members deemed compromised as a result of the Data Breach.

2.41.    "**Plaintiffs**" or **"Settling Plaintiffs"** means Plaintiffs Joseph Lindquist, Lillian Mardikian, Howard Suh, Ernesto Medina, Benedict Lozada, Edward Del Hierro, Tobi Patterson, Jude-Law Palmer, Kevin Bliss, Michael Teixeira, Diane Ross, Jacqueline O'Brien, Kelly Matts, Micael Martin, Christine Neubauer, and Bryan Woodlow.

2.42.    "**Plaintiffs' Counsel**" means those attorneys and law firms consisting of Class Counsel, Liaison Counsel, and Plaintiffs' Steering Committee.

2.43.    "**Plaintiffs' Steering Committee**" means Terence R. Coates of Markovits, Stock & DeMarco, LLC, Joseph B. Kenny of Sauder Schelkopf LLC, Danielle L. Perry of Mason LLP, and Carl Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC.

2.44.    "**Preliminary Approval Order**" means the Court's order preliminarily approving the Settlement Agreement in the form of or materially in the form of the proposed Preliminary Approval Order attached as **Exhibit A**.

2.45.    "**Released Claims**" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments,

suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, common law or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, interest, and damages, whenever incurred, for restitution or any other payment of money, and for liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, in any jurisdiction that Releasing Parties or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to the Data Breach and the conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties.

2.46.    "**Released Parties**" means NCB, Bank of America, Pathward, and all other entities which provided Personal Information to NCB that was compromised in the Data Breach, their respective predecessors, successors, and assigns, their direct and indirect parents, subsidiaries, affiliates, and joint ventures, and each of their respective current and former officers, directors, employees, managers, members, partners, agents, shareholders, attorneys, insurers, reinsurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party.

2.47.   "**Releasing Parties**" means each and every Plaintiff and each and every Settling Class Member on their own behalf or on behalf of their respective predecessors, successors and assigns.

2.48.   "**Service Award(s)**" means any award to Plaintiffs authorized by the Court for their service to the Settlement Class, which shall be paid from the Settlement Fund.

2.49.   "**Settlement**" means the settlement of the Action by and between the Parties, and the terms and conditions thereof as stated in this Agreement.

2.50.   "**Settlement Amount**" means the two million six hundred and twenty-five thousand United States Dollars ($2,625,000.00) that Defendant shall cause to be paid pursuant to Section 4 of this Agreement.

2.51.   "**Settlement Benefits**" refers to the forms of relief provided by this Settlement as described in Section 7.

2.52.   "**Settlement Class**" or "**Class**" means all Persons in the United States whose Personal Information was compromised in the Data Breach disclosed by NCB on or about March 24, 2023, including all who were sent notice of the Data Breach.  The Settlement Class specifically excludes: (i) NCB, Bank of America, and Pathward, and any entity in which they have a controlling interest, and any of their officers, directors, legal representatives, successors, subsidiaries, and assigns; and (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff.

2.53.   "**Settlement Class Member**" or "**Class Member**" means a Person who is a member of the Class.

2.54.   "**Settlement Claim Form**" means the claim form attached hereto as **Exhibit D**, as approved by the Court. The Settlement Claim Form must be submitted physically (via

U.S. Mail) or electronically (via the Settlement Website) by Class Members who wish to file a claim for their given share of the Settlement Benefits pursuant to the terms and conditions of this Agreement. The Settlement Claim Form shall be available for download from the Settlement Website. The Claims Administrator shall mail a Settlement Claim Form, in hardcopy form, to any Class Member who so requests.

2.55.    "**Settlement Claims Deadline**" means the deadline by which Settlement Class Members must submit a Settlement Claim Form for any Settlement Payment to which the Claimant is entitled, which shall be sixty (60) days after the Notice Date, or upon such other date as set by the Court in the Preliminary Approval Order.

2.56.    "**Settlement Fund**" means the Settlement Amount plus any interest that may accrue in the Settlement Fund Account.

2.57.    "**Settlement Fund Account**" means the account described in Section 5 of this Agreement. The Settlement Fund Account shall be an interest-bearing escrow account controlled by an escrow agent and Class Counsel prior to Final Approval and by the Claims Administrator following Final Approval, subject to this Agreement and the direction of the Court.

2.58.    "**Settlement Payment**" means any cash payment to be made to any Authorized Claimant pursuant to Section 7 herein, which consists of either (1) the Cash Payment for Out-of-Pocket Losses, or (2) the Alternative Cash Payment.

2.59.    "**Settlement Website**" means the website to be established and maintained by the Claims Administrator which shall contain all material information regarding the Settlement.

2.60.   "**Settling Class Members**" means Plaintiffs and other members of the Settlement Class who do not timely and validly exclude themselves from the Settlement pursuant to FED. R. CIV. P. 23(c) and in accordance with the procedure to be established by the Court.

2.61.   "**Short Form Notice**" means the form of Notice of the proposed Settlement to be distributed to Settlement Class Members, by way of postcard notice and/or the email notice, which is attached as **Exhibit B** or substantially similar to the short form notice attached as **Exhibit B**.

2.62.   "**Taxes**" means (i) any applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon the Parties or the Parties' Counsel with respect to any income or gains earned by or in respect of the Settlement Fund; (ii) any other taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) relating to the Settlement Fund that the Claims Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities, and costs incurred in connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

## 3.   Settlement Class Certification

3.1.   NCB consents to the certification of the Settlement Class for settlement purposes only. If the Settlement is terminated, the Parties agree that neither this Agreement nor any documents or communications regarding the negotiation of this Settlement shall be admissible in the Action or any other litigation arising from the Data Breach.

## 4. __Settlement Fund__

4.1.  NCB agrees to make a non-reversionary payment of the Settlement Amount into the Settlement Fund Account as follows:

    4.1.1.  Within thirty (30) days after the Court grants preliminary approval of the Settlement, NCB shall cause the Settlement Amount to be paid into the Settlement Fund Account.

4.2.  The Settlement Fund shall be used to pay in the following order: (i) Taxes; (ii) Claims Administration Costs; (iii) attorneys' fee and expenses approved by the Court; (iv) Service Awards approved by the Court; (v) Approved Claims for Cash Payments for Out-of-Pocket Losses; (vi) and Approved Claims for the Alternative Cash Payments.

4.3.  Class Counsel shall provide NCB's Counsel with wire transfer information for the Settlement Fund Account within five (5) Business Days of the entry of an order by the Court preliminarily approving the Settlement, and such information shall include contact details (name, title, email and phone number) of a person employed by the escrow agent to orally verify the wire transfer details, and any other information that NCB reasonably may request in order to facilitate payment, which may be made by check or by wire.

4.4.  Other than payment of the Settlement Amount, NCB shall have no responsibility for any other costs, including any attorneys' fees and expenses, Service Awards, Taxes, or costs of any Claims Administration Costs in connection with this Settlement, except that NCB is responsible for the costs associated with issuing its CAFA Notice.

4.5.  __No Reversion.__ This is not a claims-made settlement; and there will be no reversion. In the event that the Settlement is terminated, any monies paid by NCB into the Settlement Fund Account plus all interest accrued thereupon, less Claims Administration Costs and

Taxes to the extent such obligations have actually been incurred as of the date of the termination of the Settlement, shall be returned to NCB within fifteen (15) days of termination.

## 5. **Settlement Fund Account**

5.1.    The Settlement Amount shall be paid as set forth in Section 4.1 above and held in a Settlement Fund Account which shall be established and maintained by an escrow agent and Class Counsel, subject to the direction and orders of the Court unless otherwise provided for by this Agreement. Upon the occurrence of Effective Date, any and all remaining interest or right of NCB in or to the Settlement Fund Account, if any, shall be absolutely and forever extinguished, and the Net Settlement Fund shall be transferred from the escrow agent to the Claims Administrator at the written direction of Class Counsel.

5.2.    The Parties agree that the Settlement Fund Account is intended to constitute a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, *et seq*., and that the Claims Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3).   The Parties further agree that the Settlement Fund Account shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund Account as a qualified settlement fund from the earliest date possible.

5.3.    Upon or before establishment of the Settlement Fund Account, the Claims Administrator (or an appropriate designee) shall apply for an employer identification number for the Settlement Fund Account utilizing IRS Form SS-4 and, in accordance with Treasury

Regulation § 1.468B-2(k)(4), shall provide NCB with that employer identification number on a properly completed and signed IRS Form W-9.

5.4.   The Claims Administrator shall file or cause to be filed, on behalf of the Settlement Fund Account, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(1)(2). Any contract, agreement, or understanding with the Claims Administrator relating to the Settlement Fund Account shall require the Claims Administrator or its agent to file or cause to be filed, on behalf of the Settlement Fund Account, all required federal, state, and local tax returns, information returns, including, but not limited to any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § l.468B-2(1)(2).  The Claims Administrator may, if necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder the costs of which shall be considered Claims Administration Costs and paid from the Settlement Fund.

5.5.   All reasonable costs for maintenance of the Settlement Fund Account and the Claims Administration Costs incurred prior to Final Approval shall be paid out of the Settlement Fund Account and shall be timely paid without prior order of the Court.

5.6.   All Taxes relating to the Settlement Fund Account shall be paid out of the Settlement Fund Account and shall be timely paid without prior order of the Court.  Further, the Settlement Fund Account shall indemnify and hold harmless the Plaintiffs, Defendant,

and the Parties' counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments).

5.7.     Following its payment of the Settlement Amount as described in Section 4 of this Agreement, NCB shall have no responsibility, financial obligation, or liability whatsoever with respect to selection of the Settlement Fund Account, investment of Settlement Fund, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes, penalties, interest, or other charges related to Taxes imposed on the Settlement Fund Account or its disbursements, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund Account.

## 6.  **Presentation of Settlement to the Court**

6.1.     As soon as practicable after the execution of the Agreement, Plaintiffs and Class Counsel shall submit this Agreement to the Court and file a motion for preliminary approval of the Settlement with the Court requesting entry of the Preliminary Approval Order that:

6.1.1.     Conditionally certifies the Settlement Class for settlement purposes only;

6.1.2.     Preliminarily approves the Settlement Agreement;

6.1.3.     Appoints Christian Levis of Lowey Dannenberg, P.C., Joseph M. Lyon of The Lyon Law Firm, LLC, and Benjamin F. Johns of Shub Johns & Holbrook LLP as Class Counsel;

6.1.4.     Appoints Charles E. Schaffer of Levin Sedran & Berman as Liaison Counsel;

6.1.5.     Appoints Plaintiffs as the settlement class representatives;

6.1.6.     Approves the Notice Plan;

6.1.7.     Approves the Short Form Notice attached hereto as **Exhibit B**;

6.1.8.    Approves the Long Form Notice attached hereto as **Exhibit C**; and

6.1.9.    Approves the Settlement Claim Form attached hereto as **Exhibit D**;

6.1.10.    Appoints Kroll Settlement Administration LLC as the Claims Administrator.

6.2.    The Long Form Notice, Short Form Notice, and Settlement Claim Form shall be reviewed by the Claims Administrator and may be revised as agreed by the Parties prior to the submission to the Court for approval. Notwithstanding the foregoing, and unless otherwise ordered by the Court, the Parties may make non-material modifications to the Long Form Notice, Short Form Notice, and Settlement Claim Form following submission to the Court for approval.

6.3.    After entry by the Court of the Preliminary Approval Order, and prior to the date for Opt-Out Deadline and Objection Deadline, Class Counsel shall file their Fees and Expense Application, and Plaintiffs will apply for Service Awards.

6.4.    No later than twenty one (21) days before the Fairness Hearing, Plaintiffs shall file a motion seeking Final Approval of the Settlement, including a request that the preliminary certification of the Settlement Class for settlement purposes be made final.

7.  **Settlement Benefits and Distribution Plan**

7.1.    The Distribution Plan for this Settlement is designed to exhaust the Settlement Fund.

7.2.    The Settlement Fund shall be used to pay in the following order: (i) Taxes; (ii) Claims Administration Costs; (iii) attorneys' fee and expenses approved by the Court; (iv) Service Awards approved by the Court; (v) Approved Claims for Cash Payments for Out-of-Pocket Losses; (vi) and Approved Claims for the Alternative Cash Payments.

7.3.    All Settling Class Members are eligible to receive a portion of the Net Settlement Fund if they have an Approved Claim and are Authorized Claimants.

7.4.    **Settlement Benefits to Authorized Claimant.** Each Authorized Claimant may seek a Settlement Payment based upon either (a) Section 7.5, or (b) Section 7.6, but not both. The order in which the Settlement Benefits will be paid is determined by the order described in Sections 4.2 and 7.2.

7.5.    **Cash Payment for Out-of-Pocket Losses.** Settling Class Members that provide documented evidence for reimbursement of Out-of-Pocket Losses directly attributable to the Data Breach may be reimbursed up to a total of $2,500.00.

7.5.1.    To receive a Cash Payment for Out-of-Pocket Losses, Settling Class Members must include with their Settlement Claim Form: (i) documentation supporting their loss; and (ii) a brief description of the documentation describing the nature of their loss, if the nature of the loss is not apparent from the documentation alone.

7.5.1.1    Documentation can include receipts or other documentation not "self-prepared" by the Settling Class Member that document the costs incurred. Self-prepared documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

7.5.1.2    Assessing Claims for Cash Payment for Out-of-Pocket Losses. The Claims Administrator shall verify that each Person who submits a Settlement Claim Form is a Settling Class Member. The Claims Administrator shall have the sole discretion and authority to determine whether and to what extent the documentation

submitted reflects valid out-of-pocket losses that were actually incurred and fairly traceable to the Data Breach. The Claims Administrator may consult with Class Counsel in making these determinations. In assessing what qualifies as "fairly traceable," the Parties agree to instruct the Claims Administrator to consider (i) whether the timing of the loss occurred on or after the Data Breach; and (ii) whether the Personal Information used to commit identity theft or fraud consisted of the same type of Personal Information that was involved in the Data Breach.

7.5.1.3    Costs expended after March 24, 2023, for mitigation measures like credit monitoring services, fraud resolution services, and professional services incurred to address identity theft or fraud on or after shall be presumed "reasonably incurred." The Claims Administrator is authorized to contact any Settling Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

7.5.2.    **Lost Time as an Out-of-Pocket Loss**— As part of the Out-of-Pocket Losses, Settling Class Members may submit a claim for reimbursement of time spent remedying losses attributable to the Data Breach ("Lost Time"), up to four (4) hours at thirty dollars ($30) per hour.

7.5.2.1    To receive payment for Lost Time as part of the Out-of-Pocket Losses, Settling Class Members must provide, under penalty of

perjury, a brief description of the actions taken in response to the Data Breach and the time associated with each action.

7.5.2.2    Out-of-Pocket Losses for Lost Time are capped at $120.00 per individual. The Lost Time reimbursement may be combined with other Out-of-Pocket Losses, but in no circumstance will an Authorized Claimant be eligible to receive more than the $2,500.00 in Cash Payments for Out-of-Pocket Losses.

7.5.2.3    <u>Assessing Lost Time</u>. The Claims Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met to award payments in connection with any Lost Time but may consult with Class Counsel. The Claims Administrator is authorized to contact any Settling Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

7.6.    **Alternative Cash Payment.** Authorized Claimants may receive a flat, *pro rata* share (the "Alternative Cash Payment") from the Alternative Cash Payment Fund. No documentation is required to receive the Alternative Cash Payment.

7.6.1.    To calculate the Alternative Cash Payment amount, the Alternative Cash Payment Fund will be divided by the total number of Approved Claims submitted for Alternative Cash Payments.

7.7.    Settling Class Members who submit an Approved Claim for Cash Payment for Out-of-Pocket Losses will not be eligible to receive an Alternative Cash Payment. Likewise,

26

Settling Class Members who submit an Approved Claim for an Alternative Cash Payment will not be eligible to receive a Cash Payment for Out-of-Pocket Losses.

    7.7.1.   Notwithstanding the foregoing, if a Settling Class Member submits an Approved Claim for Cash Payment for Out-of-Pocket Losses, but the value of such claim is less than the amount that would have been received as an Alternative Cash Payment, the Claims Administrator will increase the value of that Settlement Class Member's claim to match the Alternative Cash Payment and convert the Settlement Class Member's claim into an Alternative Cash Payment claim.

       7.7.1.1 For example, if an Authorized Claimant has an Approved Claim of $50 as the Cash Payment for Out-of-Pocket Losses, and if the Alternative Cash Payment is $60, then the Claims Administrator will increase the value of that Settlement Class Member's claim to the Alternative Cash Payment amount of $60.

7.8.    If a Settling Class Member submits a Settlement Claim Form for Cash Payment for Out-of-Pocket Losses that the Claims Administrator cannot approve because the supporting documentation is insufficient, and if such deficiencies are not timely cured, the Claims Administrator will consider the claim for an Alternative Cash Payment rather than denying it outright.

7.9.    ***Pro Rata* Reduction of Claims.** In the event that the aggregate amount of all claims for Cash Payments for Out-of-Pocket Losses and Alternative Cash Payments exceeds the total amount of the Net Settlement Fund, then the value of such payments shall be reduced on a *pro rata* basis in the reverse order of the payment priority set forth in

Sections 4.2 and 7.2, such that the aggregate value of all payments for benefits does not exceed the Net Settlement Fund.

7.10.    A legal guardian for a Settling Class Member who is under the age of eighteen (18) years old at the time of claim submission may submit a Settlement Claim Form seeking Settlement Payment on the minor's behalf so long as the legal guardian provides sufficient documentation to establish their relationship with the minor Settlement Class Member.

7.11.    By the Settlement Claims Deadline, each Settling Class Member seeking a Settlement Benefit must submit a Settlement Claim Form that (a) includes the unique claimant ID code and/or other information provided to them on the Short Form Notice sent by the Claims Administrator; (b) indicates the Settlement Payment being requested ((i) Cash Payment for Out-of-Pocket Losses or (ii) Alternative Cash Payment); and (c) selects a payment method to receive the Settlement Payment.

7.12.    Use of the unique claimant ID code is necessary to confirm that the Person is a Settling Class Member. Each Settlement Class Member shall provide their mailing address, email address and, if preferred, their "handle" or unique identifier on a supported electronic payment platform, which will be used by the Claims Administrator to transmit the Settlement Payment via an electronic payment platform. If the Settling Class Member does not have a handle for an electronic payment platform or prefers not to receive the Settlement Payment via an electronic payment platform, the Settling Class Member must select the option to receive the Settlement Payment by check at the mailing address provided. Following receipt of a Settling Class Member's Settlement Claim Form

Submitted online, the Claims Administrator will email a confirmation receipt to the Settlement Class Member.

7.12.1. A Settlement Claim Form shall be deemed to have been timely submitted if received by the Claims Administrator with a postmark on or before the Settlement Claims Deadline indicated on the envelope, if mailed by USPS first-class mail and addressed in accordance with the instructions herein. In all other cases, the Settlement Claim Form shall be deemed to have been submitted when received via the online claims portal by the Claims Administrator.

7.12.2. The Claims Administrator will review each Settlement Claim Form to confirm that the claimant is a Settling Class Member and is thus an Authorized Claimant by confirming that the information contained in the Settlement Claim Form matches the information provided by NCB and/or the Claims Administrator. Settlement Claim Forms that do not contain the required information will be rejected. Prior to rejecting the election, the Claims Administrator may communicate with the Settling Class Member to give the Settling Class Member the opportunity to remedy any curable deficiencies with the information provided in the Settlement Claim Form. If a Settling Class Member fails to remedy any curable deficiencies, the Claims Administrator shall notify the Settling Class Member in a timely fashion and in writing that the Settlement Claim Form has been rejected, setting forth the reasons thereof.

7.12.3. To the extent the Claims Administrator determines a claim for a Cash Payment for Out-of-Pocket Losses is deficient in whole or part, within a reasonable time of making such a determination, the Claims Administrator shall notify the

Settlement Class Member of the deficiencies and give the Settling Class Member at least twenty-one (21) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settling Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Claims Administrator, fails to do so, the Claims Administrator shall notify the Settling Class Member of that determination within ten (10) days of the determination. The Claims Administrator may consult with Class Counsel in making such determinations.

7.12.4.   Each Settling Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to such Settling Class Member's Settlement Payment.

7.12.5.   The Claims Administrator will file a full account of the Approved Claims with the Court including a declaration describing the proposed distribution of Settlement Payments by checks and electronic payment platforms for Court review in advance of the Fairness Hearing or as soon as the Claim Administrator has finalized its review of Claims Form.

7.12.6.   Within thirty (30) days following the later of (a) the Effective Date of the Settlement or (b) the Court's review of the Claims Administrator's declaration (if such review is separate from Final Approval of the Settlement), the Claims Administrator will distribute the Settlement Payment to all Authorized Claimants.

7.13.   For Authorized Claimants that elected to receive their Settlement Payment via an electronic payment platform, the Claims Administrator will cause payment to be issued via the selected platform. Authorized Claimants will be notified and provided a reasonable opportunity to update their electronic payment platform information (or request payment by check) prior to disbursement of the Settlement Payment. Once the update period has expired and the Claims Administrator issues payment to the Authorized Claimant using the confirmed electronic payment platform information, no reissuance of any Settlement Payment may be requested.

7.13.1.   For Authorized Claimants who did not elect to use an electronic payment platform, checks in the amount of the Settlement Payment will be mailed.

7.13.2.   All Settlement Payment checks shall be void sixty (60) days after their respective issuance and shall bear the language: "This check must be cashed within sixty (60) days, after which time it is void."

7.13.3.   For Authorized Claimants whose checks are returned as undeliverable, the Claims Administrator will endeavor to locate new addresses by running the undeliverable addresses through address lookup services and/or when possible, by e-mailing the Authorized Claimant for updated information. Where a new address is located, the Claims Administrator will update the database accordingly and reissue a check to the Authorized Claimant at the new address. In the event a check is lost or damaged or otherwise requires reissuance, the Claims Administrator will issue a replacement. Check reissues will be undertaken only upon written instructions from the Authorized Claimant, provided that the Authorized Claimant returns the previous check if appropriate.

For all reissued checks, the Claims Administrator will void the initial payment prior to reissuing a payment. The Claims Administrator's outreach program shall end thirty (30) days after the initial void date. Authorized Claimants will be informed that, if they do not cash their Settlement Payment check within <u>sixty (60) days of the mail date</u>, or do not cash reissued checks within thirty (30) days of the mailing of such reissued checks, their checks will lapse, and their entitlement to recovery will be irrevocably forfeited.

7.13.4.    To the extent any monies remain in the Net Settlement Fund one hundred eighty (180) days after the distribution of all initial Settlement Payments to Authorized Claimants, any balance which still remains in the Net Settlement Fund from any uncashed checks, after accounting for and paying any additional Taxes or Claims Administration Costs that may have been incurred, will be reallocated *pro rata* in the form of an Alternative Cash Payment among those Authorized Claimants that cashed their check and those that elected payment via an electronic payment, so long as the relocated *pro rata* share to each eligible Authorized Claimant is at least $3.00 and there are sufficient funds in the Net Settlement Fund to cover the costs associated with printing and mailing checks for a second round of distribution.

7.13.5.    Any balance which remains in the Net Settlement Fund that cannot be reallocated as provided in Section 7.13.4 will be distributed as a *cy pres* award to the Pennsylvania Interest on Lawyers Trust Account Board (PA IOLTA).

7.14.    No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, any other Person designated by Class Counsel, or any of the Defendant,

Defendant's Counsel, or Released Parties based on determinations or distributions made substantially in accordance with this Agreement and the Settlement contained herein or further order(s) of the Court.

7.15.   None of the Defendant or Released Parties shall have any role in, or any liability, obligation, or responsibility for the administration of the Settlement or the distribution of the Settlement Fund, including with respect to: (i) any act, omission, or determination by Class Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; or (ii) the determination, administration, or calculation of Settlement Payments from the Settlement Fund.

7.16.   It is understood and agreed by the Parties that the Distribution Plan described above, or any other proposed plan to allocate the Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's Settlement Payment set forth therein, is to be considered by the Court separately from the Court's consideration of the fairness, adequacy, and reasonableness of the Settlement set forth in this Agreement unless the Distribution Plan is the basis for the Court finding the Settlement to be unfair, inadequate or unreasonable.

## 8.   NCB's Additional Obligations

8.1.   NCB contends it had all appropriate infrastructure in place at the time of the Data Breach which was examined and audited annually and on a quarterly basis (i.e., *inter alia*, SOC II TYPE II, PCI SCANS, and penetration testing). However, NCB represents that it has also made significant enhancements to its security systems and practices since the filing of this Action, further strengthening infrastructure, controls and education. In particular, NCB adopted and/or updated and strengthened the following policies:  Data Security

Policy; Data Security Incident Response Plan; Security Breach Procedures; Impact Analysis Policy; Data Physical Transport Policy; Secured Interoffice File Sharing Policy; Secured Access Card Policy; Security System Badge Access Log Audit Procedures; Company Privacy Policy; Risk Assessment Policy; Data Handling Policy; IT Security; Network Security Standards; Network Penetration Testing Policy; Data Backup Policy; Software Verification Validation Plan; Antivirus Policy; and Computer Patch Management Policies and Procedures. NCB also has implemented constant data security monitoring (24/7) from a dedicated information security team; CrowdStrike Falcon endpoint monitoring and detection across every machine on the NCB network; Symantec Antivirus on all end user and server devices; enhanced email and file sharing tools with DUO multifactor authentication, DarkTrace, Actfile encryption; as well as enhanced security awareness training. NCB agrees, as part of the consideration of this Agreement, to continue to maintain these measures for a period of at least two years following the Effective Date of this Agreement.

**9. Duties of Claims Administrator**

9.1.    Class Counsel shall oversee dissemination of the Notice by the Claims Administrator.

9.2.    The Claims Administrator shall perform the functions specified in this Agreement, any functions specified in the Notice Plan after Court approval, and any other functions approved by the Court.  In addition to other responsibilities that are described elsewhere in this Agreement (and in the Notice Plan, once approved by the Court), the duties of the Claims Administrator shall include:

9.2.1.    Contacting Settling Class Members and confirming their eligibility to receive a Settlement Payment using, among other information, the Class List provided by the Defendant.

9.2.1.1 The Claims Administrator may at any time (but is not required to) request from any Person seeking a Settlement Payment (including via email, phone or mail) supplemental information to confirm the Person is a Settling Class Member.    If supplemental information is requested, the Claims Administrator shall give the claimant reasonable time in the Claims Administrator's discretion but not exceeding twenty-one (21) days to provide the supplemental information before rejecting the Settlement Claim.    Requests for supplemental information shall be made as promptly as reasonably possible after the Settlement Claims Deadline (or earlier in the discretion of the Claims Administrator).    If the supplemental information does not cure a defect reasonably determined by the Claims Administrator, then the Person will be deemed ineligible, and there shall be no obligation to pay the Settlement Payment.    For the avoidance of doubt, the Claims Administrator is not required to request supplemental information for a second time, and in reasonably exercising its discretion, may deny a Settlement Claim without requesting supplemental information for a second time.

9.2.2.    Establishing and maintaining a dedicated mailing address for receiving correspondence, Settlement Claim Forms, and paper requests for exclusion from the Settlement.

9.2.3.    Establishing a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries.

9.2.4.    Establishing and maintaining the Settlement Website, following approval by all Parties as to the URL to be used. The Settlement Website shall include relevant documents, including the following: (i) the Long Form Notice; (ii) the Settlement Claim Form; (iii) the Preliminary Approval Order; (iv) this Settlement Agreement; (v) the operative Class Action Complaint; (vi) the motion for a Fee Award and Costs and Service Awards after it is filed; and (vii) any other materials agreed upon by the Parties and/or required by the Court.

9.2.5.    Responding to Settlement Class Member inquiries via U.S. mail, email, and/or telephone.

9.2.6.    Paying all Taxes relating to the Settlement Fund.

9.2.7.    Receiving and processing all written requests for exclusion from the Settlement and providing copies thereof to the Parties' Counsel.

9.2.7.1 If the Claims Administrator receives any requests for exclusion or other requests after the Opt-Out Deadline, the Claims Administrator shall promptly provide copies thereof to the Parties' Counsel.

9.2.8.    Providing weekly reports that summarize the number of claims, written requests for exclusion, objections, and any other information requested by the Parties' Counsel.

9.2.9.    Within five (5) Business Days after the Opt-Out Deadline, providing a final report to the Parties' Counsel and the Court summarizing the number of written requests for exclusion (*i.e.*, requests to opt out), a list of all Persons who have

timely and validly excluded themselves from the Settlement in accordance with the requirements of the Settlement, and any other information requested by the Parties' Counsel.

9.2.10.   Prior to the Fairness Hearing, preparing and executing a declaration for the Court identifying each Settlement Class Member who timely and validly requested exclusion from the Settlement.

9.2.11.   After the Effective Date, processing and transmitting any and all Settlement Payments to Settling Class Members.

9.2.12.   Determining whether Settlement Claims Forms that are submitted are complete and valid.

9.2.13.   Performing any other functions that the Parties jointly agree are necessary to accomplish administration of the Settlement.

9.3.   As specified in Section 9.2, all Claims Administration Costs incurred by the Claims Administrator or otherwise in connection with implementing the Notice Plan and administering the Settlement shall be paid from the Settlement Fund.

9.4.   Neither the Parties nor the Parties' Counsel shall have any liability whatsoever with respect to any act or omission of the Claims Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement, or under the Notice Plan once approved by the Court.

**10. <u>Notice Plan</u>**

10.1.   The Claims Administrator shall be responsible for implementing and executing the Notice Plan.

10.2.    Within fifteen (15) days after the Court's entry of a Preliminary Approval Order, NCB shall provide the Claims Administrator with the Class List, which is based on and includes information in its possession concerning the Settlement Class Members. NCB agrees that the Class List will provide at minimum, the following information:

    10.2.1.    Reasonably available names;

    10.2.2.    Email addresses, to the extent available;

    10.2.3.    Mailing addresses; and

    10.2.4.    Any other information available that may be used to contact Settlement Class Members.

10.3.    The Claims Administrator will use customary procedures including, third party services, to identify mailing and email addresses for the Settlement Class Members.

10.4.    Subject to Court approval, within forty-five (45) days after the Court enters the Preliminary Approval Order, the Claims Administrator shall send direct notice substantially in the form of the Short Form Notice in **Exhibit B**, as modified and/or approved by the Court, via U.S. Postal Service to any Settlement Class Member for which a mailing address is identified and/or by email to any Settlement Class Member for which an email address is identified. The Claims Administrator will use customary procedures, including a search of the United States Postal Service's National Change of Address database, to update Settlement Class Members' addresses. The Claims Administrator will use customary procedures, including third party services, to identify an alternate address for any Settlement Class Member for whom a mailed notice is returned as undeliverable, and promptly remail notice to them.

10.5.    The Claims Administrator will provide supplemental notice to Settlement Class Members via publication ("Additional Notice") on social media platforms and through a Business Wire distributed press release, as mutually agreed upon by Plaintiffs and NCB.

10.6.    Should the Settlement be terminated for any reason, the Claims Administrator shall immediately destroy all contact information received from NCB for Settlement Class Members.

10.7.    As specified in Sections 4.2 and 7.2, all costs incurred by the Claims Administrator or otherwise relating to providing notice to Settlement Class Members shall be paid from the Settlement Fund.

## 11. CAFA Notice by Defendant

11.1.    NCB will serve or cause to be served the CAFA Notice not later than ten (10) days after this Agreement is filed with the Court. The cost of providing CAFA Notice shall be paid for by NCB.

## 12. Mutual Releases and Covenant Not to Sue

12.1.    As of the Effective Date, the Releasing Parties will finally and forever release and discharge from and covenant not to sue the Released Parties for the Released Claims.

12.2.    Although the foregoing release is not a general release, such release constitutes a waiver of any and all rights arising under Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY

AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
OR RELEASED PARTY.

12.3.    This release also constitutes a waiver of any and all provisions, rights, and benefits of
any federal, state or foreign law, rule, regulation, or principle of law or equity that is
similar, comparable, equivalent to, or which has the effect of, Section 1542 of the
California Civil Code.

12.4.    The Releasing Parties acknowledge that they are aware that they may hereafter discover
facts in addition to, or different from, those facts which they know or believe to be true
with respect to the subject matter of this Agreement, but that it is their intention to release
fully, finally, and forever all of the Released Claims, and in furtherance of such intention,
the release shall be irrevocable and remain in effect notwithstanding the discovery or
existence of any such additional or different facts. In entering and making this
Agreement, the Parties assume the risk of any mistake of fact or law and the release shall
be irrevocable and remain in effect notwithstanding any mistake of fact or law.

12.5.    As of the Effective Date, all Released Parties hereby expressly, generally, absolutely,
unconditionally, and forever release and discharge any and all claims against Plaintiffs,
the Releasing Parties, and their counsel arising out of or relating to the institution,
prosecution, and resolution of the Released Claims in this Action, except for claims
relating to the enforcement of the Settlement or this Agreement.

## 13. **Effective Date**

13.1.    The Effective Date of the Settlement shall be the day on which the last of all the
following conditions have occurred or been waived:

13.1.1.    The Agreement has been fully executed by NCB and Plaintiffs through the
Parties' Counsel;

13.1.2.   A Settlement Class has been certified and an order preliminarily approving the Settlement and the Notice Plan has been entered by either this Court

13.1.3.   The Court enters the Final Approval Order and Judgment and the Action has been dismissed with prejudice, releasing all claims against the Released Parties in this Court; and

13.1.4.   Either the expiration of the appeal period following entry of the Final Approval Order and Judgment, or the resolution of all appeals from the entry of the Final Approval Order and Judgment;

13.2.   The Parties to this Settlement agree to utilize all available methods to enforce the Settlement.

## 14. __Termination__

14.1.   This Settlement may be terminated by either the Plaintiffs or Defendant after any of the following occurrences:

14.1.1.   The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement as set forth in this Agreement;

14.1.2.   An appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

14.1.3.   The Court or any reviewing appellate court incorporates material terms or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order and Judgment, or the Settlement;

14.1.4.   Defendant fails to pay the full Settlement Amount; or

      14.1.5.   The Effective Date does not occur.

14.2.     This Settlement may also be mutually terminated by Plaintiffs and Defendant before the Effective Date.

14.3.     Pursuant to terminations under Sections 14.1 – 14.2 above, counsel for the Party seeking to terminate the Settlement shall provide written notice termination to the opposing Party and file with the Court a written notice of termination within twenty (20) Business Days of the occurrence of any above-referenced event (or such longer time as may be agreed between Class Counsel and the Defendant's Counsel).

14.4.     If the Settlement is terminated, is vacated, or is not approved, then the Parties to this Agreement shall be deemed to have reverted to their respective status as though a settlement had not been attempted, with all of their respective legal claims and defenses preserved.

14.5.     If this Agreement is terminated under Sections 14.1 or 14.2 above, the following shall occur:

      14.5.1.   Within fifteen (15) Days of receiving notice of a termination event, the Claims Administrator shall pay to NCB the Settlement Amount plus any accrued interest less (i) any Taxes paid or due with respect to such income and (ii) any reasonable and necessary Claims Administration Costs already incurred and paid or payable from the Settlement Fund pursuant to the terms of this Agreement;

      14.5.2.   The Claims Administrator or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds to NCB, after deduction of any fees

or expenses reasonably incurred in connection with such application(s) for refund;

14.5.3.  The Parties shall return to the status quo in the Action as of the Execution Date as if the Parties had not entered into this Agreement, with all of their respective legal claims and defenses preserved as they existed on that date;

14.5.4.  Any Court orders approving certification of the Settlement Class and any other orders entered pursuant to this Agreement shall be null and void and vacated, and neither those orders nor any statements made in connection with seeking approval of the Agreement may be used in or cited by any Person in support of claims or defenses or in support or in opposition to a class certification motion in connection with any further proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim;

14.5.5.  All releases hereunder shall be of no further force and effect;

14.5.6.  This Agreement shall become null and void and none of the Parties or the Settlement Class Members shall be bound by any of its terms; and

14.5.7.  The fact of this Settlement, including the Parties' positions with respect to the certification of a Settlement Class for purposes of the Settlement, shall not be used or cited by any Person in support of claims or defenses or in support of or in opposition to a class certification motion in connection with any further proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving any Released Claims.

**15. <u>No Admission of Liability</u>**

15.1.    All Parties hereto have entered into this Agreement and are entering into the Settlement, to avoid the costs and uncertainties of continued litigation. NCB denies Plaintiffs' allegations and maintains that it has good and meritorious defenses to Plaintiffs' claims of liability and damages. NCB further denies all charges of wrongdoing or liability as alleged, or which could be alleged. By entering into this Settlement, no Party hereby makes any admission or concession as to the merits of the Action, liability, damages, or to the strength or accuracy of the opposing Party's positions.

15.2.    This Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim or defense.

15.3.    This Agreement shall not be offered or received against NCB as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by NCB with respect to the truth of any fact alleged by Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of NCB.

15.4.    This Agreement shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defense asserted by NCB has any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

15.5.    The negotiation, terms, and entry of the Parties into this Agreement shall remain subject to the provisions of Federal Rule of Evidence 408, all similar state statutes, rules of evidence, and arbitral rules, and the mediation privilege.

15.6.    Notwithstanding the foregoing provisions of this Section or any other terms in this Settlement, NCB may use, offer, admit, or refer to this Agreement and to the Settlement, if approved, where it deems necessary to defend itself in any other action, or in any judicial, administrative, regulatory, arbitrative, or other proceeding, as it deems necessary to comply with or address regulatory and/or disclosure obligations, to pursue insurance and/or other indemnification, and to enforce this Agreement and the Settlement, including the releases contained therein.

## 16. Opt-Outs

16.1.    Any Person who wishes to exclude themselves from the Settlement must submit a written request for exclusion to the Claims Administrator by U.S. Mail or other delivery service (i.e., FedEx or UPS), which shall be received by Claims Administrator no later than the Opt-Out Deadline.

16.2.    The written request for exclusion must:

    (i)    Identify the case name of the Action;

    (ii)    Identify the full name and address of the Person seeking exclusion from the Settlement, and, if represented by counsel, the name and address of his/her counsel;

    (iii)    Include the claimant ID code and other information included on the Short Form Notice provided by the Claims Administrator that identifies the Person as a Settlement Class Member;

    (iv)    Be personally signed by the Person seeking exclusion, and, if represented by counsel, also be signed by his/her counsel;

    (v)    Include a statement clearly indicating the Person's intent to be excluded from the Settlement; and

    (vi)    Request exclusion only for that one Person whose personal signature appears on the request.

16.3.    To be effective and valid, opt-out requests must be received by the Claims Administrator no later than the Opt-Out Deadline and contain the information described above.

16.4.    Opt-out requests seeking exclusion on behalf of more than one Person (i.e., mass opt-outs) or that do not include the information describe above shall be deemed invalid by the Claims Administrator.

16.5.    Any Person who submits a valid and timely request for exclusion in the manner described herein shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Agreement; (iii) gain any rights by virtue of the Agreement; or (iv) be entitled to object to any aspect of the Settlement.

16.6.    Any Person who does not submit a valid and timely request for exclusion in the manner described herein shall be deemed to be a Settling Class Member upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

16.7.    Promptly following the deadline approved by the Court for all persons to exclude themselves from the Settlement Class, the Claims Administrator shall provide a report to the Parties' Counsel of all Persons that have requested exclusion from the Settlement Class as well as all information those Persons provided with their exclusion request or that the Claims Administrator has otherwise requested of them.

**17. <u>Objections</u>**

17.1.    Any Settlement Class Member who wishes to object to the Settlement or requests to be heard at the Fairness Hearing must file, either through the Court's electronic filing service, or via mail, hand, or overnight delivery service, a written objection with the

Court on or before the Objection Deadline, as specified in the Preliminary Approval

Order, with a copy sent concurrently by mail, hand, or overnight delivery service to Class

Counsel and NCB's Counsel at the addresses set forth below at Section 21, Long Form

Notice, or Settlement Website.

17.2.    The written objection must include:

(i)    The case name and number of the Action;

(ii)    The full name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, the name, address, and telephone number of his/her counsel;

(iii)    The claimant ID code and other information on the Long Form Notice or Short Form Notice provided by the Claims Administrator that identifies the objector as a Settlement Class Member;

(iv)    A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(v)    A statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection;

(vi)    A statement of the specific grounds for the objection; and

(vii)    A statement of whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, and if so, whether personally or through counsel.

17.3.    In addition to the foregoing requirements, if an objecting Settlement Class Member

intends to speak at the Fairness Hearing (whether *pro se* or through an attorney), the

written objection must include an entry of appearance and a detailed description of any

evidence the objecting Settlement Class Member may offer at the Fairness Hearing, as

well as copies of any exhibits the objecting Settlement Class Member may introduce at

the Fairness Hearing.

17.4.    Any Settlement Class Member who fails to object to the Settlement in the manner described in this Agreement, the Preliminary Approval Order, and in the Notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Fairness Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

## 18. Service Awards

18.1.    Plaintiffs and Class Counsel shall submit a request to the Court for payment of a Service Award, not to exceed $2,000.00 to each Settling Plaintiff, for a total of $36,000.00.  Any request for Service Awards must be filed with the Court by Plaintiffs at least fourteen (14) days before the Objection Deadline and Opt-Out Deadline.  If approved by the Court, such Service Awards shall be paid by the Claims Administrator to Plaintiffs from the Settlement Fund ten (10) days after the Effective Date.

18.2.    The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Service Awards.  If the Court declines to approve, in whole or in part, a request for Service Awards, all remaining provisions in this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Service Awards, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

## 19. Attorneys' Fees and Expenses

19.1.    Class Counsel shall file the Fee and Expense Application with the Court for payment of reasonable attorneys' fees and expenses incurred in prosecuting and settling the Action.

Plaintiffs' Counsel will seek one-third of the Settlement Fund as attorneys' fees and, additionally, their reasonable litigation costs up to $50,000.00. The Fee and Expense Application will be filed at least fourteen (14) days before the Objection Deadline and Opt-out Deadline. If approved by the Court, such attorneys' fees and expenses shall be paid from the Settlement Fund ten (10) days after the issuance of such Order.

19.2.   NCB reserves the right to oppose or object to Plaintiffs' attorneys' fees and reimbursement of expenses. For the avoidance of doubt, all attorneys' fees and expenses shall be paid from the Settlement Fund.

19.3.   The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any attorneys' fees and expenses. If the Court declines to approve, in whole or in part, the Fee and Expense Application, all remaining provisions in this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of attorneys' fees and expenses, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

## 20. Confidentiality

20.1.   The Parties and the Parties' Counsel agree that the terms of this Settlement shall remain confidential and shall not be disclosed until the Agreement is publicly filed in connection with Plaintiffs' motion seeking preliminary approval of the Settlement and issuance of notice.

20.2.   Nothing in this provision shall preclude:

20.2.1.   NCB from disclosing the fact or amount of the Settlement as a result of a good faith determination that such disclosure is required or advisable pursuant to bank

regulatory requirements, SEC requirements, or other legal or regulatory requirements, or from disclosing the fact or amount of the Settlement to its or their regulators, insurers, reinsurers or external auditors; and

20.2.2. Class Counsel from disclosing the existence of the Agreement and any necessary terms to the designated Claims Administrator and any proposed vendors soliciting bids to be named as the Claims Administrator.

## 21. Notices

21.1.   All notices to Plaintiffs and Class Counsel provided for in this Agreement shall be sent by both email and USPS First-Class mail to the following:

Benjamin F. Johns
**SHUB JOHNS & HOLBROOK LLP**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Email: bjohns@shublawyers.com

and

Christian Levis
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Email: clevis@lowey.com

and

Joseph M. Lyon
**THE LYON LAW FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
Email: jlyon@thelyonfirm.com

21.2.   All notices to NCB or NCB's Counsel provided for in this Agreement shall be sent by both email and USPS First-Class mail to the following:

David J. Shannon

50

**MARSHALL DENNEHEY, P.C.**
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Email: djshannon@mdwcg.com

21.3.    All notices to the Claims Administrator provided for in this Agreement shall be sent by

both email and USPS First-Class mail to the following:

In re: NCB Management Services, Inc. Data Breach Litigation
c/o Kroll Settlement Administration
PO Box 225391
New York, NY 10150-5391

21.4.    The notice recipients and addresses designated in this Section may be changed by written

notice posted to the Settlement Website.

## 22. Stay

22.1.    The Parties agree that all proceedings and deadlines in the Action between Plaintiffs and

NCB shall be stayed pending the Court's entry of the Preliminary Approval Order.

## 23. Disputes and Controversies

23.1.    Any dispute or controversy arising out of or relating to interpretation of this Agreement,

including any claims under any statute, law, or regulation, shall be resolved first by

discussion among counsel for the Parties, and failing that by confidential mediation or

arbitration administered by Bennett G. Picker of Stradley Ronon Stevens & Young,

LLP. If Bennett G. Picker is unable to participate the Parties shall mutually select a

neutral third-party mediator.

23.2.    The mediation or arbitration shall be conducted on a strictly confidential basis, and the

Parties shall not disclose the existence or nature of any claim; any documents,

correspondence, briefing, exhibits, or information exchanged or presented in connection

with any claim; or any rulings, decisions, or results of any claim or argument

(collectively, "Mediation Materials") to any third party, with the sole exception of the Parties' respective legal counsel (who shall also be bound by these confidentiality terms) or under seal in any judicial proceeding commenced in connection with this Action.

23.3.    The mediation or arbitration decision shall be final and binding upon the Parties. Any award may be entered as a judgment or order in any court of competent jurisdiction. Except as otherwise agreed, Plaintiffs and Defendant shall share the mediation administrative fees (if any) and the mediator's fees and expenses, with Plaintiffs' Counsel responsible for 50% and NCB's Counsel responsible for 50%. Each Party shall be responsible for such Party's own attorneys' fees and costs, except as otherwise provided by any applicable statute or other law.

23.4.    Either Party may commence litigation in this Court to obtain injunctive relief in aid of mediation. The Parties agree to take all steps necessary to protect the confidentiality of the Mediation Materials in connection with any such proceeding, agree to use their best efforts to file all confidential information (and documents containing confidential information) under seal, and agree to the entry of an appropriate protective order encompassing the confidentiality terms of any settlement agreement. The seat of mediation or arbitration, unless otherwise agreed, shall be Philadelphia, Pennsylvania.

## 24. Miscellaneous Provisions

24.1.    Cooperation.  The Parties: (i) acknowledge that it is their intent to consummate this Agreement and (ii) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

24.2.    The Parties shall provide for the preparation and filing of such other documentation as may be necessary to obtain the Court's Final Approval of the Settlement upon and consistent with the terms set forth in this Agreement and satisfy the conditions in Section 13.

24.3.    <u>Contractual Agreement</u>.    The Parties understand and agree that all terms of this Agreement, including the exhibits hereto, are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

24.4.    <u>Headings</u>.    Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.    In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

24.5.    <u>Integration</u>.    This Agreement constitutes the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants expressly contained and memorialized herein.

24.6.    <u>Exhibits</u>.    The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

24.7.    <u>Drafting</u>.    The language of all parts of this Agreement shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any Party.    No Party shall be deemed the drafter of this Agreement.    The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel.    Each Party and their counsel cooperated in the drafting and

preparation of the Agreement.  In any construction to be made of the Agreement, the Agreement shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

24.8.    Modification or Amendment.   This Agreement may not be orally modified. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by an express writing signed by the Parties who executed this Agreement, or their successors.

24.9.    Waiver.  The failure of a Party to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

24.10.    Severability.  Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

24.11.    Counterparts.  The Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  This Agreement may be executed using electronic signature technology (e.g., via DocuSign, Adobe Sign, or other electronic signature technology), and such signed electronic record

shall be valid and as effective to bind the party as signing a paper copy bearing such party's handwritten signature.

24.12.    Electronic Mail.  Transmission of a signed Agreement by electronic mail shall constitute receipt of an original signed Agreement by mail.

24.13.    Successors and Assigns.  The Agreement shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties hereto.

24.14.    Governing Law.  All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania without regard to its conflict of law principles, except to the extent the federal law of the United States requires that federal law governs.

24.15.    The Parties consent to jurisdiction in the U.S. District Court for the Eastern District of Pennsylvania solely for the specific purpose of any suit, action or proceeding to interpret or enforce the terms of this Settlement, unless a party is prohibited by law from consenting to jurisdiction in Pennsylvania.

24.16.    Interpretation.  The following rules of interpretation shall apply to this Agreement:

      (i)      Definitions apply to the singular and plural forms of each term defined.

      (ii)      Definitions apply to the masculine, feminine, and neuter genders of each term defined.

      (iii)      Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

24.17.    Retention of Jurisdiction.  The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the

terms of this Agreement. The Court also shall retain exclusive jurisdiction over any determination of whether any subsequent suit is released by the Settlement Agreement.

24.18.    <u>No Collateral Attack</u>.  The Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Final Approval Order and Judgment is entered.

24.19.    <u>Authority to Execute</u>. The Parties represent and warrant, through the signatures of their counsel below, that the terms and conditions of this Agreement are duly approved, and execution of this Agreement is duly authorized.

24.20.    <u>Date of Agreement</u>.  The execution date of this Settlement Agreement and Release shall be deemed to be the latest date of the signatures below.

**IN WITNESS WHEREOF,** the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized counsel:

*Class Counsel, Liaison Counsel, and Plaintiffs' Steering Committee on behalf of Plaintiffs and the Settlement Class:*

Benjamin F. Johns
Samantha E. Holbrook
**SHUB JOHNS & HOLBROOK LLP**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Tel: (610) 477-8380
Email: bjohns@shublawyers.com
Email: sholbrook@shublawyers.com

Date: April 10, 2025

Christian Levis
Amanda G. Fiorilla
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100

*On  behalf  of  Defendant  NCB Management Services, Inc.*

Vlada Tasich
David J. Shannon
**MARSHALL DENNEHEY, P.C.**
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Tel: (215) 575-2600
Fax: (215) 575-0856
VXTasich@mdwcg.com
djshannon@mdwcg.com

Date: April 10, 2025

terms of this Agreement. The Court also shall retain exclusive jurisdiction over any determination of whether any subsequent suit is released by the Settlement Agreement.

24.18.    No Collateral Attack.  The Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Final Approval Order and Judgment is entered.

24.19.    Authority to Execute. The Parties represent and warrant, through the signatures of their counsel below, that the terms and conditions of this Agreement are duly approved, and execution of this Agreement is duly authorized.

24.20.    Date of Agreement.  The execution date of this Settlement Agreement and Release shall be deemed to be the latest date of the signatures below.

    **IN WITNESS WHEREOF,** the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized counsel:

*Class Counsel, Liaison Counsel, and Plaintiffs' Steering Committee on behalf of Plaintiffs and the Settlement Class:*

*On behalf of Defendant NCB Management Services, Inc.*

_____
Benjamin F. Johns
Samantha E. Holbrook
**SHUB JOHNS & HOLBROOK LLP**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Tel: (610) 477-8380
Email: bjohns@shublawyers.com
Email: sholbrook@shublawyers.com

Date: April 10, 2025

_____
Christian Levis
Amanda G. Fiorilla
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100

_____
Vlada Tasich
David J. Shannon
**MARSHALL DENNEHEY, P.C.**
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Tel: (215) 575-2600
Fax: (215) 575-0856
VXTasich@mdwcg.com
djshannon@mdwcg.com

Date: April 10, 2025

White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
Email: clevis@lowey.com
Email: afiorilla@lowey.com

Anthony M. Christina
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
Fax: (914) 997-0035
Email: achristina@lowey.com

Date: April 10, 2025

Joseph M. Lyon
**THE LYON LAW FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
Tel: (513) 381-2333
Email: jlyon@thelyonfirm.com

Charles E. Schaffer
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
Email: cschaffer@lfsblaw.com

Date: April 10, 2025

Terence R. Coates
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Tel: (855) 843-5442
Email: TCoates@msdlegal.com

Joseph B. Kenney
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Tel: (610) 200-0583

Email: jbk@sstriallawyers.com

Danielle L. Perry
**MASON LLP**
5335 Wisconsin Avenue, N.W., Suite 640
Washington, D.C. 20015
Tel: (202) 640-1168
Email: dperry@masonllp.com

Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
Email: malmstrom@whafh.com

PLAINTIFFS:

Joseph Lindequist

Lillian Mardikian

Howard Suh

Ernesto Medina

Benedict Lozada

Edward Del Hierro



Tobi Patterson

Jude-Law Palmer

Kevin Bliss

Michael Teixeira

Diane Ross

Jacqueline O'Brien

Kelly Matts

Micael Martin

Christine Neubauer

Bryan Woodlow

**EXHIBIT A**
**PROPOSED PRELIMINARY APPROVAL ORDER**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: NCB Management Services, Inc. Data Breach Litigation | No. 2:23-cv-01236-KNS |

**[PROPOSED]**
**ORDER PRELIMINARILY APPROVING THE PROPOSED**
**CLASS ACTION SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL**
**THEREOF AND APPROVING THE PROPOSED FORM AND PLAN OF CLASS NOTICE**

Plaintiffs Joseph Lindquist, Lillian Mardikian, Howard Suh, Ernesto Medina, Benedict Lozada, Edward Del Hierro, Tobi Patterson, Jude-Law Palmer, Kevin Bliss, Michael Teixeira, Diane Ross, Jacqueline O'Brien, Kelly Matts, Micael Martin, Christine Neubauer, and Bryan Woodlow ("Plaintiffs") on behalf of the Settlement Class, having applied for an order preliminarily approving the proposed settlement ("Settlement") of this Action against Defendant NCB Management Services, Inc. ("NCB" or "Defendant") in accordance with the Stipulation and Agreement of Class Action Settlement entered into on **April 10, 2025** (the "Settlement Agreement") between Plaintiffs and NCB; the Court having read and considered the memorandum of law in support of this Motion, the Settlement Agreement, accompanying documents, and the record herein; and Plaintiffs and NCB (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, on this _____ day of _____, 20___, upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1.      Unless otherwise defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2.     The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto and the Settlement contained therein and that it has personal jurisdiction over Plaintiffs and NCB.

3.     Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and warrants issuance of notice to the Settlement Class. The Court finds it will likely be able to approve the Settlement and certify the Settlement Class for purposes of judgment.

4.     For purposes of the Settlement only, the Court provisionally certifies the following Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3):

> All Persons in the United States whose Personal Information was compromised in the Data Breach disclosed by NCB on or about March 24, 2023, including all who were sent notice of the Data Breach.

Excluded from the Settlement Class are: (i) NCB, Bank of America, and Pathward, and any entity in which they have a controlling interest, and any of their officers, directors, legal representatives, successors, subsidiaries, and assigns; and (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff.

5.     Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Federal Rules of Civil Procedure 23(a) and (b)(3), are satisfied in that:

  a.   the Settlement Class is so numerous that joinder of all members is impracticable;

  b.   there are questions of law or fact common to the Settlement Class;

  c.   Plaintiffs' claims are typical of those of Settlement Class Members;

  d.   Plaintiffs and Class Counsel (defined below) fairly and adequately represent the Settlement Class;

e.  common issues predominate over any individual issues affecting Settlement Class Members; and

f.  settlement of the Action on a class action basis is superior to other means of resolving this matter.

6.  The proposed Settlement is preliminarily approved. The Court finds that the Settlement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

7.  The Court appoints Joseph Lindquist, Lillian Mardikian, Howard Suh, Ernesto Medina, Benedict Lozada, Edward Del Hierro, Tobi Patterson, Jude-Law Palmer, Kevin Bliss, Michael Teixeira, Diane Ross, Jacqueline O'Brien, Kelly Matts, Micael Martin, Christine Neubauer, and Bryan Woodlow to serve as Settlement Class Representatives for settlement purposes only on behalf of the Settlement Class.

8.  The Court appoints Benjamin F. Johns of Shub Johns & Holbrook LLP; Christian Levis of Lowey Dannenberg, P.C.; and Joseph M. Lyon of The Lyon Law Firm, LLC as Class Counsel, and Charles E. Schaffer of Levin Sedran & Berman as Liaison Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

9.  The Court appoints Kroll Settlement Administration LLC ("Kroll") as the Claims Administrator for purposes of the Settlement.

10.  A hearing will be held on a date of the Court's convenience on or after _____, 20___ at _____ [a.m./p.m.] (no earlier than one hundred forty (140) days after entry of this Order) in Courtroom 13-B of the James A. Byrne U.S. Courthouse, 601 Market

Street, Philadelphia, Pennsylvania 19106, before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the notice to the Settlement Class, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to Settlement Class Members, other than that which may be posted at the Court or on the Settlements Website at www.xxxxxxxxx.com.

11.    The Court reserves the right to finally approve the Settlement at or after the Fairness Hearing with such non-material modifications as may be consented to by the Parties and without further notice to the Settlement Class.

12.    All proceedings in this Action as to NCB, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

13.    All Settlement Class Members and their legally authorized representatives, unless and until they have submitted a valid request to opt out or exclude themselves from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

14.    No later than forty-five (45) days after entry of this Order (hereinafter, the "Notice Date"), the Claims Administrator will commence sending notice to the Settlement Class, in the form (without material variation) of the Short Form Notice, **Exhibit B** to the Settlement Agreement, and together with the Settlement Claim Form, **Exhibit D** to the Settlement Agreement, and as described in the proposed notice plan set forth in the Declaration of Derek Cataldi re: Kroll Settlement Administration LLC Qualifications & the Proposed Notice Plan ("Notice Plan").  The Short Form Notice will direct Settlement Class Members to the Settlement Website to access the Long Form Notice in the form (without material variation) of **Exhibit C** to the Settlement Agreement.  The Long Form Notice sets forth, among other information, further details about the Settlement and the options for Class Members to request payment from the Settlement Fund.  The Claims Administrator also will provide supplemental notice to the Settlement Class via publication on social media platforms and through a Business Wire distributed press release.

15.    Beginning no later than the Notice Date, the Claims Administrator shall create and maintain a Settlement Website, www. xxxxxxxx.com, until the termination of the administration of the Settlement.  The Settlement Website shall include copies of the Settlement Agreement, this Order, the notices to the Settlement Class, the Settlement Claim Form, the motion for preliminary approval and all supporting papers, and, within three (3) Business Days after they are filed, the motion for final approval and the Fee and Expense Application.  The Settlement Website shall also identify important deadlines and shall provide answers to frequently asked questions.  The Settlement Website may be amended as appropriate during the course of the administration.  The Settlement Website shall be searchable on the Internet.

16.     The Claims Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to leave messages in a voicemail box.

17.     The Court approves in form and substance the Notice Plan and the forms of notice to the Settlement Class reflected in the proposed Long Form and Short Form Notices, and the Settlement Claim Form. The Notice Plan and forms of notice to the Class (i) are the best notice practicable under the circumstances; (ii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfy all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws. Non-material modifications to the forms of notice to the Class may be made without further order of the Court.

18.     No later than forty-five (45) days after the Notice Date, the Claims Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 14-16 of this Order.

19.     Any Settlement Class Member that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for Attorneys' Fees and Expenses, Service Award, or the Final Approval Order and Judgment, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant.  However, except for good cause shown, no person other than Class Counsel and NCB's Counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be considered by

the Court unless a written objection is filed with the Court and concurrently served on Class

Counsel and NCB's Counsel on or before the Objection Deadline, which shall be 60 days after the

Notice Date.  For the objection to be considered by the Court, the written objection must include:

(i)     The case name and number of the Action;

(ii)    The full name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, the name, address, and telephone number of his/her counsel;

(iii)   The claimant ID code and other information on the Long Form Notice or Short Form Notice provided by the Claims Administrator that identifies the objector as a Settlement Class Member;

(iv)    A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(v)     A statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection;

(vi)    A statement of the specific grounds for the objection; and

(vii)   A statement of whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, and if so, whether personally or through counsel.

20.    In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Fairness Hearing (whether *pro se* or through an attorney), the written objection must include an entry of appearance and a detailed description of any evidence the objecting Settlement Class Member may offer at the Fairness Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Fairness Hearing.

21.    To be timely, a written notice of objection must submit a written objection to the Court on or before the Objection Deadline, with a copy sent concurrently by mail, hand, or overnight delivery service to (a) the Clerk of Court, (b) Class Counsel; and (c) NCB's Counsel at the addresses below, and received no later than the Objection Deadline.

| COURT | NCB'S COUNSEL | CLASS COUNSEL |
|---|---|---|
| Clerk of Court<br>U.S. District Court<br>for the Eastern District of<br>Pennsylvania<br>James A. Byrne U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA 19106 | Vlada Tasich<br>**MARSHALL**<br>**DENNEHEY, P.C.**<br>2000 Market Street<br>Suite 2300<br>Philadelphia, PA 19103 | Benjamin F. Johns<br>**SHUB JOHNS**<br>**& HOLBROOK LLP**<br>Four Tower Bridge<br>200 Barr Harbor Drive, Suite 400<br>Conshohocken, PA 19428<br><br>Christian Levis<br>**LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br><br>Joseph M. Lyon<br>**THE LYON LAW FIRM, LLC**<br>2754 Erie Avenue<br>Cincinnati, OH 45208 |

22.     Any objection to the Settlement submitted by a Settlement Class Member pursuant to paragraphs 19-21 of this Order must be signed by the Settlement Class Member (and if applicable his, her, or its legally authorized representative), even if the Settlement Class Member is represented by counsel. The right to object to the proposed Settlement must be exercised individually by the Settlement Class Member and not as a member of a group, class, or subclass, except that such objections may be submitted by the Settlement Class Member's legally authorized representative.

23.     Any Settlement Class Member who fails to comply with the requirements for objecting in writing described in paragraphs 19-22 of this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Fairness Hearing, and shall be precluded from seeking any review of the Settlement by appeal or any other means. Such Settlement Class Members shall be bound by all terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. Any challenge to the Settlement Agreement and the Final Approval Order and Judgment approving this Settlement

Agreement shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

24.    All objectors shall make themselves available to be deposed by any Party in the U.S. District Court for the Eastern District of Pennsylvania or the county of the objector's residence within seven (7) days of service of the objector's timely written objection.

25.    Discovery concerning any purported objections to the Settlement shall be completed no later than twenty-eight (28) days after the Objection Deadline. Class Counsel, NCB's Counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so no later than seven (7) days before the Fairness Hearing.

26.    Any individual who wishes to exclude themselves from the Settlement must submit a written Request for Exclusion to the Claims Administrator by U.S. Mail or other delivery service (i.e., FedEx or UPS), which shall be received by the Claims Administrator no later than sixty (60) days after the Notice Date (the "Opt-Out Deadline"):

27.    The written Request for Exclusion must:

(i)    Identify the case name of the Action;

(ii)    Identify the full name and address of the Person seeking exclusion from the Settlement, and, if represented by counsel, the name and address of his/her counsel;

(iii)    Include the claimant ID code and other information included on the or Short Form Notice provided by the Claims Administrator that identifies the Person as a Settlement Class Member;

(iv)    Be personally signed by the Person seeking exclusion, and, if represented by counsel, also be signed by his/her counsel;

(v)    Include a statement clearly indicating the Person's intent to be excluded from the Settlement; and

(vi)    Request exclusion only for that one Person whose personal signature appears on the request.

28.    The right to be excluded from the proposed Settlement must be exercised individually by the Settlement Class Member or by the Settlement Class Member's authorized representative, even if the Settlement Class Member is represented by counsel, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by the Settlement Class Member's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information in paragraph 27, complies with the requirements in this Order, and is received the Claims Administrator by the Opt-Out Deadline, as set forth in the notice to the Settlement Class.

29.    Any Settlement Class Member who does not submit a timely and valid written Request for Exclusion shall be bound by the Settlement Agreement, including all releases therein, as well as all proceedings, orders, and judgments in the Action, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Action or the proposed Settlement.

30.    Settlement Class Members that submit valid and timely requests for exclusion shall not receive any benefits of and shall not be bound by the terms of the Settlement Agreement (including the releases therein), will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their right to independently pursue any claims they may have against the Released Parties.

31.    The Claims Administrator shall promptly log each request for exclusion that it receives and promptly notify Class Counsel and NCB's Counsel within three (3) Business Day of receiving any request for exclusion.

32.    The Claims Administrator shall furnish Class Counsel and NCB's Counsel with copies of any and all Requests for Exclusions, Objections, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within three (3) Business Days of receipt.

33.    Within five (5) Business Days after the Opt-Out Deadline, the Claims Administrator shall provide a final report to the Parties' Counsel summarizing the number of requests for exclusion (*i.e.*, requests to opt out), a list of all individuals who have timely and validly excluded themselves from the Settlement in accordance with the requirements of the Settlement and this Order, and any other information requested by the Parties' Counsel.  This report must be supplemented as appropriate to account for timely opt-outs not yet received by the Claims Administrator prior to the creation of the report described herein.  Within five (5) Business Days after the Opt-Out Deadline, Class Counsel shall file the opt-out list and the declaration of the Claims Administrator attesting to the accuracy of such list with the Court.

34.    All Settlement Claim Forms shall be submitted by Settlement Class Members to the Claims Administrator as directed in the notice to the Settlement Class no later than sixty (60) days after the Notice Date (the "Settlement Claims Deadline"). A Settlement Claim Form shall be deemed to have been timely submitted if received by the Claims Administrator with a postmark on or before the Settlement Claims Deadline indicated on the envelope, if mailed by USPS first-class mail and addressed in accordance with the instructions herein. In all other cases, the Settlement Claim Form shall be deemed to have been submitted when received via the online claims portal by the Claims Administrator.

35.    The Claims Administrator shall promptly process and review all Settlement Claim Forms for timeliness and eligibility to participate in the Settlement.  No later than twenty-eight

(28) days after the Settlement Claims Deadline, the Claims Administrator will file for Court review a declaration describing the proposed distribution of Settlement Payments by checks and electronic payment platforms.

36.    To effectuate the Settlement and the Notice Plan, the Claims Administrator shall be responsible for: (a) establishing a post office box (to be identified in the Long Form Notice, the Short Form Notice and on the Settlement Website), a toll-free interactive voice response telephone system, and a Settlement Website for purposes of communicating with Settlement Class Members; (b) accepting and maintaining documents sent from Settlement Class Members, including Settlement Claim Forms, and other documents relating to the Settlement and its administration; (c) determining the timeliness and validity of each Settlement Claim Form submitted by Settlement Class Members; (d) corresponding with Settlement Class Members regarding any deficiencies in their Settlement Claim Forms; (e) calculating and distributing each Authorized Claimant's Settlement Payment; (f) determining the timeliness and validity of all Requests for Exclusion received from Settlement Class Members; (g) providing within five (5) Business Days after the Opt-Out Deadline a final report to Parties' Counsel identifying number and individuals who timely and validly submitted Requests for Exclusion from the Settlement; (h) preparing the opt-out list and a declaration attaching and attesting to the accuracy of such list, and providing the same to Class Counsel and NCB's Counsel; (i) providing Class Counsel and NCB's Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests); and (j) fulfilling all other duties and obligations as set forth in the Settlement.

37.    All costs incurred by the Claims Administrator in effectuating the Notice Plan and administering the Settlement, including any Taxes and Administration and Notices Costs, shall be

paid from the Settlement Fund, pursuant to the Settlement Agreement without further order of the Court.

38.     The Claims Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of Settlement Payments to Authorized Claimants, and shall maintain a copy of all electronic communications related to the Settlement for a period of two (2) years after the distribution, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

39.     The Court preliminarily approves the establishment of the Settlement Fund Account defined in the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

40.     Neither the Settlement Agreement, whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by NCB or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for the purposes of the Settlement. All rights of Plaintiffs and NCB are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

41.     Class Counsel shall file their motions for payment of attorneys' fees and expenses (*i.e.*, the Fee and Expense Application), Plaintiffs' Service Award, no later than fourteen (14) days before the Objection Deadline and Opt-Out Deadline.

42.     Class Counsel shall file their motion final approval of the Settlement no later than twenty-one (21) days before the Fairness Hearing.

43.     Any reply memoranda in support of the motion for final approval of the Settlement, and motions for payment of attorneys' fees and expenses (*i.e.*, the Fee and Expense Application), and Plaintiffs' Service Award shall be filed no later than seven (7) days before the Fairness Hearing.

44.     If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Judgment will be entered as described in the Settlement Agreement.

45.     The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Settlement Class Members, other than which may be posted at the Court or on the Settlement Website.

46.     This Order shall become null and void and shall be without prejudice to the rights of Plaintiffs and NCB, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

47.     If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against NCB of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or

her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

48.    If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

49.    Unless a time period is specified in "Business Days," which is defined in the Settlement, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed automatically moved to the first Business Day thereafter.

50.    The schedule of events referenced above should occur as follows:

| Event | Date |
|---|---|
| Notice to the Class commences | No later than forty-five (45) days after entry of this Preliminary Approval Order (the "Notice Date") |
| Deadline to file Claims Administrator's Declaration regarding implementation of Notice Plan | No later forty-five (45) days after the Notice Date |
| Deadline to File Class Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs' Request for Service Awards | No later than fourteen (14) days before the Objection Deadline and Opt-out Deadline |
| Deadline for Receiving Requests for Exclusion (Opt-Outs) | Sixty (60) days after the Notice Date ("Opt-Out Deadline") |
| Filing and Service Deadline for Objections | Sixty (60) days after the Notice Date ("Objection Deadline) |
| Settlement Claims Deadline | Sixty (60) days after the Notice Date ("Settlement Claims Deadline") |
| Deadline to File Opt-Out List and Claims Administrator Declaration | No later than five (5) Business Days after Opt-Out Deadline |

| Event | Date |
|-------|------|
| Deadline to File Claims Administrator Declaration to Distribute the Claims Payments | No later than twenty-eight (28) days after the Settlement Claims Deadline |
| Deadline to Complete Discovery Concerning Objections | No later than twenty-eight (28) days after the Objection Deadline |
| Deadline to File Oppositions to Objections | No later than seven (7) days before the Fairness Hearing |
| Deadline to file Motion for Final Approval of the Settlement | No later than twenty-one (21) days before the Fairness Hearing |
| Reply Memorandum in Support of Motion for Final Approval of the Settlement and Motion for Attorneys' Fees and Expenses and Plaintiffs' Request for Service Awards | No later than seven (7) days before the Fairness Hearing |
| Fairness Hearing | No earlier than one hundred forty (140) days after entry of the Preliminary Approval Order |

**IT IS SO ORDERED.**

Dated:_____          _____
                                        THE HONORABLE KAI N. SCOTT
                                        UNITED STATES DISTRICT JUDGE

**EXHIBIT B**
**SHORT FORM NOTICE (POSTCARD) OF PROPOSED CLASS ACTION**
**SETTLEMENT**

**Court Approved Legal Notice**

*In re: NCB Management Services, Inc. Data Breach Litigation*
**Eastern District of Pennsylvania**
**Case No. 23-1236-KNS**

**As a Result of the NCB DATA BREACH, You Can Get Cash.**

*This is <u>not</u> a solicitation from a lawyer.*

**For more information about the Settlement and how to file a Claim Form visit or call:**
**www.XXXXXXX.com**
**1-XXX-XXX-XXXX**

*A proposed Settlement has been reached arising out of lawsuits filed against NCB Management Services, Inc. ("NCB") in connection with the unauthorized third-party access to NCB's systems identified on or around March 24, 2023 (the "Data Breach"), which Plaintiffs allege caused Settlement Class Members' Personal Information to be accessed, stolen, or compromised.*

In re: NCB Management Services, Inc. Data Breach Litigation
c/o Kroll Settlement Administration
PO Box 225391
New York, NY 10150-5391

«ScanString»

Postal Service: Please do not mark barcode

«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

NOTICE ID: «NOTICE ID»
CONFIRMATION CODE: «CONFIRMATION CODE»
NAME: «NAME»
ADDRESS: «ADDRESS»

**Who is Included?** The Settlement Class Members consist of all Persons in the United States whose Personal Information was compromised in the Data Breach disclosed by NCB on or about March 24, 2023, including all who were sent notice of the Data Breach.

**What does the Settlement Provide?** The Settlement establishes a $2,625,000.00 Settlement Fund to be used to pay for costs of Notice and administration; Service Awards to the Class Representatives; attorneys' fees and expenses; Approved Claims for Cash Payments for Out-of-Pocket Losses; and Approved Claims for the Alternative Cash Payments. Claimants may select **ONE** of the following forms of Settlement relief:

- **Cash Payments for Out-of-Pocket Loss** – reimbursement for certain documented out-of-pocket costs or expenditures, including lost time, incurred by a Settling Class Member that are fairly traceable to the Data Breach (up to $2,500); **OR**
- **Alternative Cash Payments** – a flat cash payment, in an amount to be determined consistent with the Settlement. The Alternative Cash Payments may be increased or reduced *pro rata* depending on the total number of Settlement Class Members who participate in the Settlement, and the type of Settlement relief selected by Settlement Class Members.

**How To Get Benefits: You must "opt-in" to receive either of the two Settlement Benefits listed above. To do so, you must complete and file a Settlement Claim Form either online or by mail postmarked by DATE, including required documentation. You can file your claim online at www.XXXXXX.com. You may also get a paper Claim Form at the website, or by calling the toll-free number, and submit by mail. Submitting a Claim Form is the only way you can receive a Cash Payment for Out-of-Pocket Losses or an Alternative Cash Payment.**

**Your Other Options.** If you do not want to be legally bound by the Settlement, **you must exclude yourself by DATE**. If you do not exclude yourself, you will release any claims you may have against NCB or other Released Parties (as defined in the Settlement Agreement) related to the Data Breach, as more fully described in the Settlement Agreement. **If you do not exclude yourself, you may object to the Settlement by DATE**. **Please review the Long Form Notice and Settlement Agreement on the Settlement Website for further details.**

**The Fairness Hearing.** The Court has scheduled a hearing in this case (*In re: NCB Management Services, Inc. Data Breach Litigation*, No. 23-1236-KNS) for **DATE at xx:00 AM EST at 601 Market Street, Philadelphia, PA 19106**, to consider: whether to approve the Settlement, Service Awards, attorneys' fees and expenses, as well as any objections. You or your attorney may attend and ask to appear at the Fairness Hearing, but you are not required to do so. The hearing may be held remotely, so please check the Settlement Website for those details.

**More Information.** Complete information about your rights and options, as well as the Claim Form, the Long Form Notice, and Settlement Agreement are available at www.XXXXX.com, or by calling toll free 1-XXX-XXX-XXXX.

## COURT APPROVED LEGAL NOTICE

*In re: NCB Management Services, Inc. Data Breach Litigation*
Case No. 2:23-cv-01236-KNS (E.D. Pa.)
NOTICE ID: «NOTICE ID»
CONFIRMATION CODE: «CONFIRMATION CODE»

This Summary Notice is to alert you to a proposed Settlement with Defendant NCB Management Services, Inc. ("Defendant" or "NCB") in a pending class action (the "Action") captioned *In re: NCB Management Services, Inc. Data Breach Litigation*, Case No. 2:23-cv-01236-KNS (E.D. Pa.). This Settlement is not an admission by NCB of wrongdoing or an indication that any law was violated, and no Court has made such a determination.

A proposed Settlement has been reached arising out of lawsuits filed against NCB in connection with the unauthorized third-party access to NCB's systems identified on or around  February 4, 2023 (the "Data Breach"), which Plaintiffs allege caused Class Members' Personal Information to be accessed, stolen, or compromised. Please visit the Settlement website at www.XXXXX.com to view the full Long Form Notice and Settlement Agreement.

**Who is Included?** The Settlement Class includes all Persons in the United States whose Personal Information was compromised in the Data Breach disclosed by NCB on or about March 24, 2023, including all who were sent notice of the Data Breach.

**What does the Settlement Provide?** The Settlement establishes a $2,625,000.00 Settlement Fund to be used to pay for costs of Notice and administration; Service Awards to the class representatives; attorneys' fees and expenses; Approved Claims for Cash Payments for Out-of-Pocket Losses; and Approved Claims for the Alternative Cash Payments. Settlement Class Members may select **ONE** of the following Settlement Benefits:

- **Cash Payments for Out-of-Pocket Loss** – reimbursement for certain documented out-of-pocket costs or expenditures, including lost time, incurred by a Settlement Class Member that are fairly traceable to the Data Breach (up to $2,500); **OR**

- **Alternative Cash Payments** – a flat cash payment, in an amount to be determined consistent with the Settlement. The Alternative Cash Payments may be increased or reduced *pro rata* depending on the total number of Settlement Class Members who participate in the Settlement, and the type of Settlement relief selected by Class Members.

**How To Get Benefits: You must "opt-in" to receive either of the two Settlement Benefits listed above. To do so, you must complete and file a Settlement Claim Form either online or by mail postmarked by DATE, including required documentation. You can file your claim online at www.XXXXXX.com. You may also get a paper Settlement Claim Form on the Settlement Website, or by calling the toll-free number, and submit by mail. Submitting a Claim Form is the only way you can receive a Cash Payment for Out-of-Pocket Losses or an Alternative Cash Payment.**

**Your Other Options.** If you do not want to be legally bound by the Settlement, **you must exclude yourself by DATE**. If you do not exclude yourself, you will release any claims you may have against NCB or other Released Parties (as defined in the Settlement Agreement) related to the NCB Data Breach, as more fully described in the Settlement Agreement, available at the Settlement Website. **If you do not exclude yourself, you may object to the Settlement by DATE. Please review the Long Form Notice and Settlement Agreement on the Settlement Website for further details.**

**The Fairness Hearing.** The Court has scheduled a hearing in this case (*In re: NCB Management Services, Inc. Data Breach Litigation*, No. 23-1236-KNS) for **DATE at xx:00 AM EST at 601 Market Street, Philadelphia, PA 19106**, to consider: whether to approve the Settlement, Service Awards, attorneys' fees and expenses, as well as any objections. You or your attorney may attend and ask to appear at the Fairness Hearing, but you are not required to do so. The hearing may be held remotely, so please check the Settlement Website for those details.

**More Information.** Complete information about your rights and options, as well as the Claim Form, the Long Form Notice, and Settlement Agreement are available at www.XXXXX.com, or by calling toll free 1-XXX-XXX-XXXX.

**EXHIBIT C**
**LONG FORM NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: NCB Management Services, Inc. Data Breach Litigation | No. 2:23-cv-01236-KNS |

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, [DATE], 20__ FAIRNESS HEARING THEREON AND SETTLEMENT CLASS MEMBERS' RIGHTS

**This Notice of Proposed Class Action Settlement, [DATE], 20__ Fairness Hearing Thereon and Settlement Class Members' Rights ("Notice") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the U.S. District Court for the Eastern District of Pennsylvania (the "Court"). It is not junk mail, an advertisement, or a solicitation from a lawyer. You have not been sued.**

***PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROCEEDINGS IN THE ABOVE-CAPTIONED ACTION ("ACTION"). THIS NOTICE ADVISES YOU OF YOUR RIGHTS AND OPTIONS WITH RESPECT TO THIS ACTION, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE PROCEEDS OF THE SETTLEMENT.***

TO:    ALL PERSONS IN THE UNITED STATES WHOSE PERSONAL INFORMATION WAS COMPROMISED IN THE DATA BREACH DISCLOSED BY NCB ON OR ABOUT MARCH 24, 2023, INCLUDING ALL WHO WERE SENT NOTICE OF THE DATA BREACH.

The purpose of this Notice is to inform you of a proposed settlement in this Action (the "Settlement") with Defendant NCB Management Services, Inc. ("NCB"). Plaintiffs Joseph Lindquist, Lillian Mardikian, Howard Suh, Ernesto Medina, Benedict Lozada, Edward Del Hierro, Tobi Patterson, Jude-Law Palmer, Kevin Bliss, Michael Teixeira, Diane Ross, Jacqueline O'Brien, Kelly Matts, Micael Martin, Christine Neubauer, and Bryan Woodlow ("Plaintiffs") entered into the Settlement Agreement with NCB on **April 10, 2025**.

If you were notified of this Settlement, your Personal Information may have been accessed, stolen or compromised during the unauthorized third-party access to NCB's systems that was made public by NCB on or about March 24, 2023 (the "Data Breach").

**Please do not contact the Court regarding this Notice.** Inquiries concerning this Notice, the Settlement Claim Form, or any other questions by Settlement Class Members should be directed to the Claims Administrator:

In re: NCB Management Services, Inc. Data Breach Litigation
c/o Kroll Settlement Administration
PO Box 225391
New York, NY 10150-5391

-1-

1-XXX-XXX-XXXX

Plaintiffs allege that NCB failed to implement reasonable data security measures to protect certain individuals' Personal Information and, as a result of the Data Breach, Plaintiffs' and Settlement Class Members' Personal Information was accessed, stolen, or compromised. Plaintiffs sued NCB, asserting legal claims for negligence, negligence *per se*, breach of implied contract, breach of contract – third party beneficiaries, invasion of privacy, unjust enrichment, violations of state consumer protection and data privacy statutes and the Driver's Privacy Protection Act, declaratory and injunctive relief, and breach of contract. NCB disputes Plaintiffs' allegations and denies, among other things, that it failed to properly protect any personal data, had inadequate data security, or that it violated any state or federal laws. Plaintiffs and NCB have agreed to the Settlement to avoid the uncertainty and risk of further litigation.

The Court has preliminarily approved the Settlement with NCB. To resolve all Released Claims against all Released Parties, NCB has agreed to pay a total of $2,625,000.00. In exchange, Settlement Class Members who do not opt-out of the Settlement will release their claims against NCB and certain other Released Parties in the Action.

The following table contains a summary of your rights and options regarding the Settlement. More detailed information about your rights and options can be found in the Settlement Agreement, which is available at www.XXXXXXXXXXX.com (the "Settlement Website").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you do nothing, you will not receive any of the Settlement Benefits and you will give up your rights to sue NCB and the other Released Parties for the claims this Settlement resolves. You will be bound by past and any future Court rulings, including rulings on the Settlement, if approved, and the Settlement release. *See* Question 16. |
| **FILE A SETTLEMENT CLAIM FORM** | Submitting a Settlement Claim Form is the only way that you can receive any of the Settlement Benefits provided by this Settlement. If you submit a Settlement Claim Form, you will give up the right to sue NCB and the other Released Parties (as defined in the Settlement Agreement) in a separate lawsuit about the legal claims this Settlement resolves. You must submit your Settlement Claim Form by **[DATE]** at the Settlement Website (www.XXXXXXXXXXX.com). You may also mail your Settlement Claim Form to the Claims Administrator as long as it is postmarked on or before **[DATE]**. *See* Question 11. |

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you wish to exclude yourself from the Settlement, you must submit a written request by **[DATE]**. If you exclude yourself, you will not be bound by the Settlement, if approved, or the Settlement release, and you will not be eligible for any payment from the Settlement. *See* Questions 17-21. |
| **OBJECT TO THE SETTLEMENT** | If you wish to object to the Settlement, you must file a written objection with the Court and concurrently serve copies on Class Counsel and NCB's Counsel by **[DATE]**. You must be and remain a Settlement Class Member to object. *See* Questions 22 and 23. |
| **ATTEND THE FAIRNESS HEARING** | You may ask the Court for permission to speak about the Settlement at the Fairness Hearing by including such a request in your written objection, which you must file with the Court and serve on Class Counsel and NCB's Counsel by **[DATE]**. The Fairness Hearing is scheduled for **[DATE]**. *See* Questions 26-28. |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance through your own counsel at your own expense. *See* Question 24. |

These rights and options, and the deadlines to exercise them are explained in this Notice. The capitalized terms used in this Notice are explained or defined below or in the Settlement Agreement, which is available on the Settlement Website, www.XXXXXXXXXXX.com.

The Court has appointed the lawyers listed below ("Class Counsel") to represent you and the Settlement Class in this Action:

Benjamin F. Johns
**SHUB JOHNS & HOLBROOK LLP**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Tel: (610) 477-8380
Email: bjohns@shublawyers.com

Christian Levis
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 733-7205
Email: NCBSettlement@lowey.com

Joseph M. Lyon
**THE LYON LAW FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
Tel: (513) 381-2333
Email: jlyon@thelyonfirm.com

Please regularly visit the Settlement Website www.XXXXXXXXXXX.com for updates relating to the Settlement.

# WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ................................................................................................. 7

   1.   What Is a Class Action Lawsuit? ............................................................................ 7

   2.   Why This Notice? ..................................................................................................... 7

   3.   What Are the Definitions Used In This Notice? ...................................................... 7

   4.   What Is This Action About? ..................................................................................... 7

   5.   What Is the History Of This Action? ........................................................................ 8

   6.   Why Is There a Settlement? .................................................................................... 9

WHO GETS MONEY FROM THE SETTLEMENT ................................................... 9

   7.   How Do I Know If I Am a Settlement Class Member? ........................................... 9

   8.   Are There Exceptions to Being Included In The Settlement Class? ..................... 10

   9.   I'm Still Not Sure If I Am Included. ....................................................................... 10

THE SETTLEMENT BENEFITS ............................................................................... 10

   10.   What Does the Settlement Provide? ...................................................................... 10

   11.   How Will I Get a Payment? .................................................................................. 11

   12.   How Much Will My Payment Be? .......................................................................... 11

   13.   When Will I Receive a Payment? .......................................................................... 11

   14.   What Do I Have to Do After I File a Settlement Claim Form? .............................. 12

   15.   What Am I Giving Up to Receive a Payment? ...................................................... 12

   16.   What If I Do Nothing? ........................................................................................... 13

EXCLUDING YOURSELF FROM THE SETTLEMENT ........................................ 13

   17.   What If I Do Not Want to be in the Settlement Class? .......................................... 13

   18.   How Do I Exclude Myself? ................................................................................... 13

   19.   If I Do Not Exclude Myself, Can I Sue NCB for the Same Thing Later? ............. 14

   20.   If I Exclude Myself, Can I Get Money from The Settlement? ............................... 14

   21.   If I Exclude Myself from the Settlement, Can I Still Object? ................................ 14

OBJECTING TO THE SETTLEMENT ..................................................................... 14

   22.   How Do I Tell the Court What I Think About the Settlement? ............................. 14

   23.   What Is the Difference Between Objecting And Excluding Myself? ...................... 14

THE LAWYERS REPRESENTING YOU .................................................................. 15

   24.   Do I Have a Lawyer in This Case? ....................................................................... 15

   25.   How Will the Lawyers Be Paid? ........................................................................... 15

THE COURT'S FAIRNESS HEARING ..................................................................... 16

26. When and Where Will the Court Decide Whether to Approve the Settlement?............................ 16

27. Do I Have to Attend the Fairness Hearing? ........................................................................ 16

28. May I Speak at the Fairness Hearing? ............................................................................... 16

GETTING MORE INFORMATION........................................................................................ 17

29. How Do I Get More Information? ..................................................................................... 17

## BASIC INFORMATION

**1.    What Is a Class Action Lawsuit?**

A class action is a lawsuit in which one or more representative plaintiffs (in this case, Plaintiffs) bring a lawsuit on behalf of themselves and other similarly situated persons (*i.e.*, a class) who have similar claims against the defendant. The representative plaintiffs, the court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.

Importantly, class members are NOT individually responsible for payment of attorneys' fees or litigation expenses. In a class action, attorneys' fees and litigation expenses are paid from the court-awarded judgment amount or, as in this case, from the settlement fund, and such payment must be approved by the court. If there is no recovery on behalf of the class, the attorneys do not get paid.

When a representative plaintiff enters into a settlement with a defendant on behalf of a class, such as in this Settlement with NCB, the court will require that the members of the class be given notice of the settlement and an opportunity to be heard with respect to the settlement. The court then conducts a hearing (called a Fairness Hearing) to determine, among other things, if the settlement is fair, reasonable, and adequate.

**2.    Why This Notice?**

This Notice was posted to the Settlement Website or otherwise distributed to you to advise potential Settlement Class Members of the proposed Settlement. As a potential Settlement Class Member, you have a right to know about the proposed Settlement with NCB before the Court decides whether to approve the Settlement.

This Notice explains the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how you can apply to receive your portion of the benefits if you are eligible. The purpose of this Notice is also to inform you of the Fairness Hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, and to consider requests for awards of attorneys' fees and expenses, and any Service Award for Plaintiffs.

**3.    What Are the Definitions Used In This Notice?**

This Notice incorporates by reference the definitions in the Stipulation and Agreement of Class Action Settlement with NCB (the "Settlement Agreement").

The Settlement Agreement and the Court's Preliminary Approval Order are posted on the Settlement Website. All capitalized terms used in this Notice, but not otherwise defined, shall have the same meanings as in the Settlement Agreement and the Court's Preliminary Approval Order.

**4.    What Is This Action About?**

Plaintiffs brought this Action against NCB, a national debt buyer, debt collector, and provider of Accounts Receivable Management and Call Center Management solutions for financial services companies, banks, and lenders such as Bank of America and Pathward. This Action arises out of

the Data Breach, which Plaintiffs allege caused Settlement Class Members' Personal Information to be accessed, stolen, or compromised as a result of the unauthorized third-party access to NCB's systems identified on or around February 4, 2023.

The Consolidated Complaint alleged that NCB was responsible for the Data Breach, and asserted legal claims for negligence, negligence *per se*, breach of implied contract, unjust enrichment, violations of state consumer protection and data privacy statutes and the Driver's Privacy Protection Act, declaratory and injunctive relief, and breach of contract. The lawsuit seeks compensation for people whose information was exposed in the Data Breach.

NCB disputes Plaintiffs' allegations and denies, among other things, that it failed to properly protect any personal data, had inadequate data security, or that it violated any state or federal laws. Nevertheless, to avoid the uncertainty and risk of further litigation and the duration, expense, difficulties, and delays inherent in such litigation, NCB has agreed to settle the claims in this lawsuit, and to pay a total of $2,625,000.00 to eligible Settlement Class Members (the "Settlement Amount").

If the Settlement is approved, each Settlement Class Member that has not timely filed a written request for exclusion and submits a timely and valid Settlement Claim Form will be entitled to a Settlement Benefit from the Net Settlement Fund and may elect to receive either a Cash Payment for Out-of-Pocket Losses or an Alternative Cash Payment.

If the Settlement is approved, the Action will be resolved against NCB. If the Settlement is not approved, the Action will continue, and Plaintiffs will continue to pursue their claims against NCB.

**5.    What Is the History Of This Action?**

On February 4, 2023, NCB discovered that an unauthorized third-party gained access to NCB's computer systems on February 1, 2023 and allegedly stole files containing Personal Information. The Data Breach may have included the Personal Information of up to approximately 1,631,422 individuals. NCB launched an investigation, and on or around February 18, 2023, NCB received confirmation and physical evidence from the threat actor that the data allegedly taken was destroyed. NCB and Bank of America sent a letter to impacted individuals advising of the Data Breach.

On March 30, 2023, Plaintiff Joseph Lindquist filed the class action complaint against NCB in the U.S. District Court for the Eastern District of Pennsylvania, asserting claims arising out of the Data Breach. *See Lindquist v. NCB Management Services, Inc.*, Case No. 2:23-cv-01236 (E.D. Pa.). In total, eight (8) putative class actions against NCB and Bank of America were filed related to the Data Breach. On April 13, 2023, Plaintiffs moved to consolidate all of the then pending related actions in the U.S. District Court for the Eastern District of Pennsylvania against NCB and Bank of America, and to appoint Interim Co-Lead Class Counsel, Liaison Counsel, and a Plaintiffs' Steering Committee. On June 5, 2023, the Court consolidated the eight (8) putative class actions against NCB and Bank of America as *In re NCB Management Services, Inc. Data Breach Litigation*, Case No. 2:23-cv-01236.

On July 20, 2023, Plaintiffs filed their Consolidated Complaint against Defendants NCB, Bank of

America, and Pathward. Defendants NCB, Bank of America, and Pathward moved to dismiss Plaintiffs' Consolidated Complaint on October 3, 2023. The motion to dismiss was fully briefed by December 11, 2023. On August 28, 2024, Plaintiffs voluntarily dismissed their claims with prejudice against Bank of America and Pathward. On September 11, 2024, the Court granted NCB's partial motion to dismiss. Since NCB had not moved to dismiss Plaintiffs' claims for negligence and for declaratory and injunctive relief, these causes of action remained in the case following the Court's decision on NCB's motion to dismiss.

Plaintiffs and NCB participated in a hard-fought mediation on December 18, 2024, with mediator Bennett G. Picker of Stradley Ronon Stevens & Young, LLP and reached an agreement in principle to settle the Action. During the next several weeks, the Parties negotiated the details of the Settlement, and the Parties executed the Settlement Agreement on **April 10, 2025**.

## 6.    Why Is There a Settlement?

Plaintiffs and Class Counsel believe that Settlement Class Members may have been injured by NCB's conduct. NCB denies all material allegations of the Consolidated Complaint, including that it failed to properly protect any personal data, had inadequate data security, that it violated any state or federal laws, or that any individuals were harmed. The Parties have considered the uncertainty and risk of further litigation of the Action—including through further motion practice, discovery, trial, and any possible appeals—and the duration, expense, difficulties, and delays inherent in such litigation. The Parties are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Action and the defenses thereto. As a result, the Parties concluded that settling the Action is in their respective best interests and that the Settlement Agreement is fair, reasonable, and adequate.

The Court has not decided the Action in favor of either Plaintiffs or NCB. Instead, Class Counsel and NCB mediated their dispute and reached a negotiated resolution of the Action. The Settlement allows both sides to avoid the risks and costs of lengthy litigation and the uncertainty of pre-trial proceedings, a trial, and appeals, and, if approved, will permit eligible Settlement Class Members to receive some compensation, rather than risk ultimately receiving nothing. Plaintiffs and Class Counsel believe the Settlement is in the best interest of all Settlement Class Members.

NCB has agreed to pay a total of $2,625,000.00 in cash for the benefit of the proposed Settlement Class. If the Settlement is approved, each Settlement Class Member that does not opt out of the Settlement and files a timely and valid Settlement Claim Form is eligible to receive either a Cash Payment for Out-of-Pocket Losses or an Alternative Cash Payment.

If the Settlement is approved, the Action will be resolved against NCB and all claims against NCB and the Released Parties will be released. If the Settlement is not approved, NCB will remain as a defendant in the Action, and Plaintiffs will continue to pursue their claims against NCB.

## WHO GETS MONEY FROM THE SETTLEMENT

## 7.    How Do I Know If I Am a Settlement Class Member?

The Court has decided that everyone who fits the following description is a Settlement Class

Member. In the Preliminary Approval Order, the Court preliminarily approved the following Settlement Class:

> All Persons in the United States whose Personal Information was compromised in the Data Breach disclosed by NCB on or about March 24, 2023, including all who were sent notice of the Data Breach.

Not everyone who fits this description will be a Settlement Class Member. Please see Question 8 for a discussion of exclusions from the Settlement Class.

## 8.    Are There Exceptions to Being Included In The Settlement Class?

Yes. Excluded from the Settlement Class are: (i)  NCB, Bank of America, and Pathward, or any entity in which they have a controlling interest, and any of their officers, directors, legal representatives, successors, subsidiaries, and assigns; and (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff

## 9.    I'm Still Not Sure If I Am Included.

If you are still not sure whether you are included, you can ask for free help. You can call toll-free 1-XXX-XXX-XXXX or visit the Settlement Website, www.XXXXXXXXXXX.com for more information.

## <u>THE SETTLEMENT BENEFITS</u>

## 10.    What Does the Settlement Provide?

NCB has agreed to pay $2,625,000.00 in cash for the benefit of the proposed Settlement Class. If the Settlement is approved, each Settlement Class Member that does not opt out of the Settlement and submits a timely and valid Settlement Claim Form will be provided an opportunity to claim for one of the following two (2) categories of Settlement Benefits:

(A) **Cash Payment for Out-of-Pocket Losses**—Settling Class Members that provide documented evidence for reimbursement of Out-of-Pocket Losses directly attributable to the Data Breach may be reimbursed up to a total of $2,500.00. Settling Class Members must include: (i) documentation supporting their loss; and (ii) a brief description of the documentation describing the nature of their loss, if the nature of the loss is not apparent from the documentation alone. Documentation can include receipts or other documentation not "self-prepared" by the Settling Class Member that document the costs incurred. As part of the Out-of-Pocket Losses, Settling Class Members may also submit a claim for reimbursement of time spent remedying losses attributable to the Data Breach, up to four (4) hours at thirty dollars ($30) per hour and for any mitigation measures undertaken after March 24, 2023, such as purchasing credit monitoring services, fraud resolution services, and professional services incurred to address identity theft or fraud.

**OR**

(B) **Alternative Cash Payment**—Settling Class Members may receive a flat, *pro rata* share

from the Alternative Cash Payment Fund in an amount to be determined in accordance with the terms of Section 7.6 of the Settlement Agreement. <u>No</u> <u>Documentation is required</u>. The amounts of these payments are unknown at this time but will be calculated based upon how many Settlement Class Members submit valid and Approved Claims for Cash Payment for Out-of-Pocket Losses. Further, Approved Claims for Cash Payment for Out-of-Pocket Losses that are less than the Alternative Cash Payment will be converted to Approved Claims for Alternative Cash Payment.

**You may only select *one* of the above options, which are explained in more detail in Section 7 of the Settlement Agreement.**

## 11.    How Will I Get a Payment?

If you are a Settling Class Member you must claim your Settlement Benefits by filing a Settlement Claim Form. If you file a Settlement Claim Form online on the Settlement Website, you may choose on the Settlement Claim Form to receive your Settlement Benefits either via check or via an electronic payment. If you file a paper Settlement Claim Form by mail, you will receive your Settlement Benefit via check. Settlement Claim Forms must be submitted either online at the Settlement Website on or before 11:59 p.m. Eastern Time on **[DATE] OR** postmarked on or before **[DATE]** and mailed to the Claims Administrator at the following address:

<div align="center">

In re: NCB Management Services, Inc. Data Breach Litigation
c/o Kroll Settlement Administration
PO Box 225391
New York, NY 10150-5391

</div>

If you submit your Settlement Claim Form online and provide your email address, following the timely submission and receipt of your Settlement Claim Form, in which the Claims Administrator will send you a "Confirmation of Claim Receipt," which will acknowledge receipt of your Claim and will inform you of important next steps.

## 12.    How Much Will My Payment Be?

At this time, it is not known precisely how much each Authorized Claimant will receive from the Net Settlement Fund. This will depend on (1) what category of Settlement Benefits you select and (2) how many Settlement Class Members ultimately file claims. The Settlement Class is estimated to be approximately 1,631,422 individuals. Under Sections 4.2 and 7.7 of the Settlement Agreement, the Settlement Fund shall be used to pay in the following order: (i) Taxes; (ii) Claims Administration Costs; (iii) attorneys' fee and expenses approved by the Court; (iv) Service Awards approved by the Court; (v) Approved Claims for Cash Payments for Out-of-Pocket Losses; (vi) and Approved Claims for the Alternative Cash Payments.

## 13.    When Will I Receive a Payment?

The Court will hold the Fairness Hearing on **[DATE]** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals after that. It can sometimes take a year or more for the appellate process to conclude.

<div align="center">-11-</div>

Please be patient; status updates will be posted on the Settlement Website.

**14.    What Do I Have to Do After I File a Settlement Claim Form?**

After you file a Settlement Claim Form, the Claims Administrator will evaluate your Settlement Claim Form to determine if you have provided sufficient information to validate your membership in the Settlement Class. If the Claims Administrator determines that your Settlement Claim Form is deficient or defective, it may contact you. If you subsequently provide information that satisfies the Claims Administrator concerning the validity of your Settlement Claim Form, you will not have to do anything else.

**15.    What Am I Giving Up to Receive a Payment?**

Unless you exclude yourself, you remain a Settlement Class Member. That means you cannot sue, continue to sue, or be part of any other lawsuit about the Released Claims in this Action against NCB and the Released Parties. Upon the Effective Date of the Settlement, the Releasing Parties will finally and forever release and discharge from and covenant not to sue the Released Parties for the Released Claims.

The capitalized terms used in this paragraph are defined in the Settlement Agreement, Preliminary Approval Order, or this Notice. For easy reference, certain of these terms are copied below:

- **"Released Parties"** means NCB, Bank of America, Pathward, and all other entities which provided Personal Information to NCB that was compromised in the Data Breach, their respective predecessors, successors, and assigns, their direct and indirect parents, subsidiaries, affiliates, and joint ventures, and each of their respective current and former officers, directors, employees, managers, members, partners, agents, shareholders, attorneys, insurers, reinsurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party.

- **"Releasing Parties"** means each and every Plaintiff and each and every Settling Class Member on their own behalf or on behalf of their respective predecessors, successors and assigns.

- **"Released Claims"** means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, common law or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, interest, and damages, whenever incurred, for restitution or any other payment of money, and for liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, in any jurisdiction that Releasing Parties or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising

-12-

from or relating in any way to the Data Breach and the conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties.

**16.    What If I Do Nothing?**

You are automatically a member of the Settlement Class if you fit the Settlement Class description. However, if you do not submit a timely and valid Settlement Claim Form, you will not receive any payment from the Settlement. You will be bound by past and any future Court rulings, including rulings on the Settlement and release. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be a part of any other lawsuit against NCB or any of the other Released Parties on the basis of the Released Claims. Please see Question 15 for a description of the Released Claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**17.    What If I Do Not Want to be in the Settlement Class?**

If you are a Settlement Class Member, do not want to remain in the Settlement Class, and do not want a payment from the Settlement, then you must take steps to exclude yourself from the Settlement. This is also sometimes referred to as "opting out" of a class. *See* Question 18.

If you act to exclude yourself from the Settlement Class of which you would otherwise be a member, you will be free to sue NCB or any of the other Released Parties on your own for the claims being resolved by this Settlement. However, you will not receive any money from the Settlement, and Class Counsel will no longer represent you with respect to any claims against NCB.

If you want to receive money from the Settlement, do not exclude yourself. You should file a Settlement Claim Form to receive a payment from the Settlement.

**18.    How Do I Exclude Myself?**

You can exclude yourself by sending a written request for exclusion to the Claims Administrator by U.S. Mail or other delivery service (i.e., FedEx or UPS). You cannot exclude yourself by telephone or on the Settlement Website. Your written request for exclusion must be received by Claims Administrator at the below address no later than **[DATE]**:

<div align="center">

In re: NCB Management Services, Inc. Data Breach Litigation
c/o Kroll Settlement Administration
PO Box 225391
New York, NY 10150-5391

</div>

Your written request for exclusion must (a) identify the case name of the Action; (b) identify your full name and address, and, if represented by counsel, the name and address of your counsel; (c) include the claimant ID code and other information included on the Short Form Notice provided by the Claims Administrator to you; (d) be personally signed by you, and, if represented by counsel, also be signed by your counsel; (e) include a statement clearly indicating your intent to

be excluded from the Settlement; and (f) request exclusion only for you as the Person whose personal signature appears on the request.

A request for exclusion that does not include all of the foregoing information, that seeks exclusion on behalf of more than one individual (*i.e.*, mass opt-outs), that is sent to an address other than the one designated above, or that is not sent within the time specified shall be invalid. Any Person(s) filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement, if approved.

All Persons who submit valid and timely requests for exclusion in the manner set forth above shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement. In addition, such persons will not be entitled to object to the Settlement or appear at the Fairness Hearing.

### 19.    If I Do Not Exclude Myself, Can I Sue NCB for the Same Thing Later?

No. Unless you exclude yourself from this Settlement, you give up any right to sue NCB or any of the Released Parties for the Released Claims that the Settlement resolves.

### 20.    If I Exclude Myself, Can I Get Money from The Settlement?

No. You will not get any money from the Settlement if you exclude yourself.

### 21.    If I Exclude Myself from the Settlement, Can I Still Object?

No. If you exclude yourself, you are no longer a Settlement Class Member and may not object to any aspect of the Settlement.

### <u>OBJECTING TO THE SETTLEMENT</u>

### 22.    How Do I Tell the Court What I Think About the Settlement?

If you are a Settlement Class Member and you do not exclude yourself, you can tell the Court what you think about the Settlement by filing an objection. You can object to any part or all of the Settlement, the application for Attorneys' Fees and Expenses, and/or the motion for any Service Award for Plaintiffs. You can give reasons why you think the Court should approve them or not. The Court will consider your views. If you want to make an objection, you may enter an appearance in the Action, at your own expense, individually or through counsel of your own choice, by electronically filing with or otherwise delivering to the Clerk of the U.S. District Court for the Eastern District of Pennsylvania a notice of appearance and your objection, and serving copies of your objection concurrently by mail, hand, or overnight delivery service to Class Counsel and NCB's Counsel by **[DATE]** at the following physical addresses:

### *Class Counsel*

| | | |
|---|---|---|
| Benjamin F. Johns | Christian Levis | Joseph M. Lyon |
| **SHUB JOHNS & HOLBROOK LLP** | **LOWEY DANNENBERG, P.C.** | **THE LYON LAW FIRM, LLC** |
| Four Tower Bridge | 44 South Broadway, Suite 1100 | 2754 Erie Avenue |
| 200 Barr Harbor Drive, Suite 400 | White Plains, NY 10601 | Cincinnati, OH 45208 |
| Conshohocken, PA 19428 | | |

### *Counsel for NCB*

David J. Shannon
**MARSHALL DENNEHEY, P.C.**
2000 Market Street, Suite 2300
Philadelphia, PA 19103

Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

If you choose to object, you must submit a written objection to the Court. You cannot make an objection by telephone or email. Your written objection must include (a) the case name and number of the Action; (b) your full name, address, and telephone number and, if represented by counsel, the name, address, and telephone number of your counsel; (c) the claimant ID code and other information on the Long Form Notice or Short Form Notice provided by the Claims Administrator that identifies you as a Settlement Class Member; (d) a statement of whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class; (e) a statement of the number of times in which you (and, where applicable, objector's counsel) have objected to a class action settlement within the three years preceding the date that you file the objection, along with the caption of each case in which you (or your counsel) have made such objection; (f) a statement of the specific grounds for the objection; and (g) a statement of whether you intend to appear at the Fairness Hearing, and if so, whether personally or through counsel.

If you object and intend to speak at the Fairness Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence you may offer at the Fairness Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Fairness Hearing.

If you do not timely and validly submit your objection as described above, your views will not be considered by the Court or any court on appeal. Check the Settlement Website, www.XXXXXXXXXXX.com for updates on important dates and deadlines relating to the Settlement.

**23.    What Is the Difference Between Objecting And Excluding Myself?**

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you remain a Settlement Class Member and do not exclude yourself from the Settlement. Objecting will not prevent you from receiving a payment from the Net Settlement Fund if you submit a valid Settlement Claim Form on or before the Settlement Claims Deadline. Excluding yourself from the Settlement is telling the Court that you do not want to be a part of the Settlement Class. If you exclude yourself, you have no right to object to the Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

**24.    Do I Have a Lawyer in This Case?**

The Court has appointed the lawyers listed below as Class Counsel to represent you and the Settlement Class in this Action:

<table>
<tr>
<td align="center">Benjamin F. Johns<br><b>SHUB JOHNS & HOLBROOK LLP</b><br>Four Tower Bridge<br>200 Barr Harbor Drive, Suite 400<br>Conshohocken, PA 19428<br>Tel: (610) 477-8380<br>Email: bjohns@shublawyers.com</td>
<td align="center">Christian Levis<br><b>LOWEY DANNENBERG, P.C.</b><br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Tel: (914) 733-7205<br>Email: NCBSettlement@lowey.com</td>
</tr>
</table>

Joseph M. Lyon
**THE LYON LAW FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
Tel: (513) 381-2333
Email: jlyon@thelyonfirm.com

These lawyers are called Class Counsel. Class Counsel may apply to the Court for payment of attorneys' fees and expenses that will be paid from the Settlement Fund. You will not otherwise be charged for Class Counsel's services. If you want to be represented by your own lawyer, you may hire one at your own expense.

**25.    How Will the Lawyers Be Paid?**

To date, Class Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket expenses incurred during the litigation of this Action. Any attorneys' fees and expenses will be awarded only as approved by the Court in amounts determined to be fair and reasonable. The Settlement Agreement provides that Class Counsel may apply to the Court for an award of attorneys' fees and litigation expenses paid from the Settlement Fund. Prior to the Fairness Hearing, Class Counsel will move for an attorneys' fee award not to exceed one-third of the Settlement Fund and as well as reasonable litigation expenses of no more than $50,000.00.

Plaintiffs may also seek a Service Award to be paid from the Settlement Fund not to exceed $2,000.00 per Plaintiff, for a total of $36,000.00.

This is only a summary of the request for Attorneys' Fees and Expenses. Any motions in support of the requests will be available for viewing on the Settlement Website after they are filed by **[DATE]**. If you wish to review the motion papers, you may do so by viewing them at the Settlement Website, www.XXXXXXXXXXX.com.

The Court will consider the motion for attorneys' fees and expenses at or after the Fairness Hearing.

## <u>THE COURT'S FAIRNESS HEARING</u>

**26.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold the Fairness Hearing on **[DATE]** at **[TIME]** at the U.S. District Court for the Eastern District of Pennsylvania in Courtroom 13-B, located at the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106. The Fairness Hearing may be moved to a different location, date, or time without notice to you. The Fairness Hearing may be conducted remotely. Although you do not need to attend, if you plan to do so, you should check the Settlement Website before making travel plans.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve the requests for attorneys' fees and expenses, and any Service Awards for Plaintiffs. If there are any objections, the Court will consider them at this time. We do not know how long the Fairness Hearing will take or when the Court will make its decision. The Court's decision may be appealed.

**27.    Do I Have to Attend the Fairness Hearing?**

No. Class Counsel will answer any questions the Court may have. You are, however, welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you file and serve your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but you are not required to do so.

**28.    May I Speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. If you want to appear at the Fairness Hearing, you may enter an appearance in the Action at your own expense, individually, or through counsel your own choice, by filing with the Clerk of Court a notice of appearance and your objection, and serving copies of your objection on Class Counsel and NCB's Counsel at the addresses set forth in in Question 22, such that they are received no later than **[DATE]**, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel. You cannot request to speak at the Fairness Hearing by telephone or e-mail.

## **GETTING MORE INFORMATION**

**29.    How Do I Get More Information?**

The Court has appointed Kroll Settlement Administration LLC as the Claims Administrator. Among other things, the Claims Administrator is responsible for providing this Notice of the Settlement and processing Settlement Claim Forms.

This Notice summarizes the Settlement Agreement. More details are in the Settlement Agreement, which is available for your review at the Settlement Website, www.XXXXXXXXXXX.com. The Settlement Website also has answers to common questions about the Settlement, Settlement Claim Form, and other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment. You may also call toll-free 1-XXX-XXX-XXXX or write to the Claims Administrator at:

<div align="center">

In re: NCB Management Services, Inc. Data Breach Litigation
c/o Kroll Settlement Administration
PO Box 225391
New York, NY 10150-5391

</div>

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please enter your current information online at the Settlement Website, including a current and valid email or send it to the Claims Administrator at the address set forth above in the event the Claims Administrator needs to contact you.

<div align="center">

****Please do not contact the Court or the Clerk's Office regarding this Notice or for additional information.****

</div>

DATED: _____, 2025__        BY ORDER OF THE COURT

**EXHIBIT D**
**SETTLEMENT CLAIM FORM**

In re: NCB Management Services, Inc. Data Breach Litigation
Case No. 2:23-cv-01236-KNS (E.D. Pa.)

NCB

# SETTLEMENT CLAIM FORM

USE THIS FORM TO MAKE A CLAIM FOR
(1) CASH PAYMENT FOR OUT-OF-POCKET LOSSES OR (2) AN ALTERNATIVE CASH PAYMENT
The DEADLINE to submit this Settlement Claim Form is: DATE
Settlement Claim Forms must be postmarked or submitted electronically by that date.

**Your claim must be submitted online or postmarked by: [DEADLINE]**

<u>GENERAL INSTRUCTIONS</u>

If your Personal Information was compromised in the Data Breach disclosed by NCB on or about March 24, 2023, then you are a Settlement Class Member and may be eligible to make a claim for <u>one of the following two options:</u>

(1) Cash Payment for Out-of-Pocket Losses – Reimbursement up to $2,500 for certain documented out-of-pocket costs or expenditures, including lost time, incurred by a Settling Class Member that are fairly traceable to the Data Breach

      OR

(2) Alternative Cash Payment – A flat cash payment, in an amount to be determined consistent with the Settlement Agreement. The Alternative Cash Payment may be increased or reduced pro rata depending on the total number of Settlement Class Members who participate in the Settlement, and the type of Settlement relief selected by Class Members.

Complete information about the Settlement and its benefits are available at the Settlement Website: www.xxxx.com.

This Settlement Claim Form should be completed by the individual who received a notification from NCB of the Data Breach, or someone legally authorized to act on behalf of the individual who received a notification from NCB.

This Settlement Claim Form may be submitted online at www.xxxxxx.com or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Settlement Claim Form, including any supporting documentation, by U.S. mail to:

In re: NCB Management Services, Inc. Data Breach Litigation
c/o Kroll Settlement Administration
PO Box 225391
New York, NY 10150-5391

## I.  CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to distribution of a Cash Payment for Out-of-Pocket Losses or an Alternative Cash Payment, you must notify the Claims Administrator in writing at the address in the general instructions.

| | |
|---|---|
| First Name | Last Name |

QUESTIONS? VISIT WWW._____.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX

<table>
<tr><td>Your claim must be submitted online or <u>postmarked by</u>:<br>[DEADLINE]</td><td>In re: NCB Management Services, Inc. Data Breach Litigation<br>Case No. 2:23-cv-01236-KNS (E.D. Pa.)<br><br>SETTLEMENT CLAIM FORM</td><td>NCB</td></tr>
</table>

Street Address

| City | State | Zip Code |

Email Address | Cellular Phone Number | Home Phone Number

Date of Birth (MM/DD/YYYY) | Notice ID

Confirmation Code

---

### You may select ONE of the following options:

ALTERNATIVE CASH PAYMENT - Proceed to Section II

### OR

CASH PAYMENT FOR OUT-OF-POCKET LOSSES - Proceed to Section III

---

## II.  ALTERNATIVE CASH PAYMENT

☐     If you wish to receive an Alternative Cash Payment, you must check off the box for this section, select your payment option (Section IV) and complete the Certification (Section V), and then simply return this Claim Form. You do not need to submit any additional documents if you are electing this category, so long as you provide your Notice ID that was provided on your emailed or mailed Notice.

## III.  CASH PAYMENT FOR OUT-OF-POCKET LOSSES

☐     Please check off this box for this section if you are electing to seek reimbursement for <u>up to $2,500</u> of Documented Losses you incurred that are more likely than not a result of the Data Breach. Out-of-Pocket Losses include unreimbursed losses and consequential expenses, as well as lost time, that more likely than not resulted from the Data Breach and were incurred between March 24, 2023, through the date of the Settlement Claims Deadline.

In order to make a claim for a Cash Payment For Out-of-Pocket Losses, <u>you must</u> (i) fill out the information below and/or on a separate sheet submitted with this Claim Form; (ii) sign the attestation at the end of this Section; and (iii) include

<table>
<tr><td>Your claim must be submitted online or <u>postmarked by</u>: [DEADLINE]</td><td>In re: NCB Management Services, Inc. Data Breach Litigation<br>Case No. 2:23-cv-01236-KNS (E.D. Pa.)<br><br>SETTLEMENT CLAIM FORM</td><td>NCB</td></tr>
</table>

and attach reasonable documentation supporting each claimed cost along with this Claim Form. Documented Losses need to be deemed more likely than not due to the Data Breach by the Claims Administrator based on the documentation you provide and the facts of the Data Breach. <u>Failure to meet the requirements of this section may result in your claim being rejected by the Claims Administrator.</u>

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss (or Number of Hours) | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| **Lost Time**<br><br>Settling Class Members may submit a claim for reimbursement of time spent remedying losses attributable to the Data Breach, up to four (4) hours at thirty dollars ($30) per hour. Out-of-Pocket Losses for Lost Time are capped at $120.00 per individual. | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | ☐ ☐ ☐ . ☐ ☐ | Provide a brief description of the actions taken in response to the Data Breach and the time associated with each action. |
| Unreimbursed fraud losses or charges | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐ | Examples: Account statement with unauthorized charges highlighted; Correspondence from financial institution declining to reimburse you for fraudulent charges. |
| Professional fees incurred in connection with identity theft or falsified tax returns | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐ | Examples: Receipt for hiring service to assist you in addressing identity theft; Accountant bill for re-filing tax return. |
| Lost interest or other damages resulting from a delayed state and/or federal tax refund in connection with fraudulent tax return filing. | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐ | Examples: Letter from IRS or state about tax fraud in your name; Documents reflecting length of time you waited to receive your tax refund and the amount. |
| Credit freeze. | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐ | Examples: Notices or account statements reflecting payment for a credit freeze. |

<table>
<tr><td>
Your claim must be submitted online or <u>postmarked by</u>: [DEADLINE]
</td><td>
In re: NCB Management Services, Inc. Data Breach Litigation
Case No. 2:23-cv-01236-KNS (E.D. Pa.)

SETTLEMENT CLAIM FORM
</td><td>
NCB
</td></tr>
</table>

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss (or Number of Hours) | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ○ Credit monitoring that was ordered or purchased after March 24, 2023, through the date of the Settlement Claims Deadline. | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐ | Examples: Receipts or account statements reflecting purchases made for credit monitoring and insurance services. |
| ○ Miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐ | Examples: Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (i.e. police station, IRS office), indication of why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled to remediate or address issues related to the NCB Data Breach. |
| ○ Other (provide detailed description). | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐ | Please provide detailed description below or in a separate document submitted with this Claim Form. |

<div style="border: 1px solid black; display: inline-block;">
Your claim must be<br>
submitted online or<br>
<u>postmarked by</u>:<br>
[DEADLINE]
</div>

In re: NCB Management Services, Inc. Data Breach Litigation
Case No. 2:23-cv-01236-KNS (E.D. Pa.)

<div style="border: 1px solid black; display: inline-block;">NCB</div>

# SETTLEMENT CLAIM FORM

<u>ATTESTATION</u>
(REQUIRED FOR CASH PAYMENT FOR OUT-OF-POCKET LOSSES CLAIMS ONLY)

I, _____, declare that I suffered the out-of-pocket losses claimed above.
  [Name]

I also attest that the out-of-pocket losses claimed above are accurate and were not otherwise reimbursable by insurance.

I declare under penalty of perjury under the laws of the United States of America and the state that I reside that the foregoing is true and correct.

Executed on _____, in _____, _____.
           [Date]            [City]           [State]

_____
[Signature]

## IV. PAYMENT SELECTION

If you would like to receive your monetary Settlement Payment electronically by PayPal, Venmo, Zelle, Virtual MasterCard or Direct Deposit, please file your Settlement Claim Form on the Settlement Website, www.xxxxxxxx.com. All Settlement Class Members that file their Settlement Claim Forms by mail will receive their Settlement Payment by paper check.

## V. CERTIFICATION

By submitting this Settlement Claim Form, I certify that I am eligible to make a claim in this Settlement and that the information provided in this Settlement Claim Form and any attachments are true and correct. I declare under penalty of perjury under the laws of the United States of America and the state that I reside that the foregoing is true and correct. I understand that this claim may be subject to audit, verification, and Court review and that the Claims Administrator may require supplementation of this claim or additional information from me. I also understand that all claim payments are subject to the availability of settlement funds and may be reduced in part or in whole, depending on the type of claim and the determinations of the Claims Administrator.

_____    _____    _____
        Signature                  Printed Name               Date