UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: NCB Management Services, Inc. Data Breach Litigation | Case No. 2:23-cv-01236-KNS |

**ORDER OF FINAL APPROVAL OF SETTLEMENT
WITH NCB MANAGEMENT SERVICES, INC. AND FINAL JUDGMENT**

WHEREAS, on May 12, 2025, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement, and directing that Notice be given to the Settlement Class.

WHEREAS, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of Class Members to object or opt-out, and of the right of Class Members to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether the Final Approval Order and Judgment should be entered dismissing this Action with prejudice;

WHEREAS, a Final Approval Hearing was held on September 29, 2025. Class Members were adequately notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of attorney's fees, costs, and expenses to Class Counsel, and requested Service Awards to Class Representatives.

NOW, THEREFORE, the Court having heard the presentation of Class Counsel and NCB's Counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, reasonable, and adequate, having considered the application for attorney's fees, expenses, and costs made by Class Counsel and the application for

Service Awards to the Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

**THIS COURT FINDS AND ORDERS AS FOLLOWS:**

1. The capitalized terms used in this Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. There are two (2) objections to and two (2) requests for exclusion from the Settlement. The two (2) Class Members who timely and properly opted out from the settlement are identified in **Exhibit 1** to this order.

4. Notwithstanding the objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement. The Court finds all objections are without merit and they are hereby overruled.

5. The Settlement Class, which will be bound by this Order and Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

6. For purposes of the Settlement and this Order and Judgment, the Court hereby:

    a. certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23: All Persons in the United States whose Personal Information was compromised in the Data Breach disclosed by NCB on or about March 24, 2023, including all who were sent notice of the Data Breach. Excluded from the Settlement Class are: (i) NCB, Bank of America, and Pathward, and any entity in which they have a controlling interest, and any of their

officers, directors, legal representatives, successors, subsidiaries, and assigns; and (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff.

      b.      appoints Plaintiffs Joseph Lindquist, Lillian Mardikian, Howard Suh, Ernesto Medina, Benedict Lozada, Edward Del Hierro, Tobi Patterson, Jude-Law Palmer, Kevin Bliss, Michael Teixeira, Diane Ross, Jacqueline O'Brien, Kelly Matts, Micael Martin, Christine Neubauer, and Bryan Woodlow, for settlement purposes only, as representatives of the Settlement Class. The Court finds that the Class Representatives are similarly situated to absent Settlement Class Members and are typical of the Settlement Class, and, therefore, they will be adequate Class Representatives.

      c.      appoints Benjamin F. Johns of Shub Johns & Holbrook LLP; Christian Levis of Lowey Dannenberg, P.C.; and Joseph M. Lyon of The Lyon Law Firm, LLC as Class Counsel, and Charles E. Schaffer of Levin Sedran & Berman as Liaison Counsel.

      d.      finds that the dissemination of Notice to Class Members: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (1) a description of the material terms of the Settlement; (2) how to submit a Claim Form; (3) the Claims Deadline; (4) the last day of the Opt-Out Period for individuals in the Settlement Class to opt-out of the Settlement Class; (5) the Objection Deadline for Class Members to object to the Settlement and/or motion for a Fee Award and Costs and Class Representative Service Awards; (6) the Final Approval Hearing date; and (7) the Settlement Website address at which Class members may access the Settlement Agreement and other related documents

and information; (d) constituted due, adequate, and sufficient notice to all natural persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Fed. R. Civ. P. 23, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

  e. Finds all persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

  f. finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Federal Rules of Civil Procedure 23(a) and (b)(3), are satisfied in that:

    i. the Settlement Class is so numerous that joinder of all members is impracticable;

    ii. there are questions of law or fact common to the Settlement Class;

    iii. Plaintiffs' claims are typical of those of Settlement Class Members;

    iv. Plaintiffs and Class Counsel fairly and adequately represent the Settlement Class;

    v. common issues predominate over any individual issues affecting Settlement Class Members; and

    vi. settlement of the Action on a class action basis is superior to other means of resolving this matter.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally approves the Settlement set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in

all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length, non-collusive negotiations between experienced counsel representing the interests of the Parties with the assistance of a third-party mediator, that Class Counsel and Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, that the Settlement Agreement and Distribution Plan treats Class Members equitably relative to each other, and the record is sufficiently developed and complete to have enabled Plaintiffs and Defendant to have adequately evaluated and considered their positions. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

8. Within the time periods set forth in the Settlement Agreement, the Settlement Benefits provided for in the Settlement Agreement shall be paid to the Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

9. It is hereby determined that Plaintiffs and the Releasing Parties are bound by the Settlement Agreement and this Final Approval Order and Final Judgment, and the Action and the Released Claims against any of the Released Parties, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released.

10. All Settlement Class Members and their legally authorized representatives, unless and until they have submitted a timely and valid request to opt out from the Settlement Class are hereby enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration,

or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

11. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Action or in any third party action.

12. This Order and Judgment, the Settlement Agreement, the Settlement which it reflects, and all acts, statements, documents, or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against Defendant of any fault, wrongdoing, or liability on the part of Defendant or of the validity or certifiability for litigation of any claims.

13. The Court finds Service Awards of $2,000.00 per Class Representative are fair and reasonable. These amounts are to be paid out of the Settlement Fund, in accordance with the Settlement Agreement.

14. The Court hereby approves an award of attorney's fees in an amount of $875,000.00 and, separately, litigation costs and expenses in an amount of $42,745.07. These amounts are to

be paid out of the Settlement Fund, in accordance with the Settlement Agreement. The Court finds these amounts to be fair and reasonable.

15. The above-captioned Action is hereby dismissed against Defendant in its entirety, with prejudice. Except as otherwise provided in this Order and Judgment, the Parties shall bear their own costs and attorney's fees. Without affecting the finality of the Judgment entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

16. Should any non-distributable residual of the Settlement Fund remain following distribution of the Settlement benefits, the Court hereby approves the distribution of 100% of any such residue from the Settlement Fund to the Pennsylvania Interest on Lawyers Trust Account Board ("PA IOLTA").

17. The Settlement Claim Form referenced in the Settlement Agreement is approved as fair, reasonable, and adequate.

18. Without affecting the finality of the Order and Judgment for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement, the Settlement contemplated thereof, and over the enforcement of this Order and Judgment. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order and Final Judgment, and to consider or approve the amounts of distributions to Class Members.

19. The Court directs that this and Judgment shall be Final and entered forthwith. The Clerk is directed to close the docket.

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

Date: _Sept. 29_, 2025

                                                      /s/ Kai N. Scott
                                        HONORABLE KAI N. SCOTT
                                        UNITED STATES DISTRICT JUDGE

# *Exhibit "1"*

## Exclusion List

| Count | Reference Number | First | Last |
|---|---|---|---|
| 1 | 83204G4RB963S | P. | SANDERS |
| 2 | 83204GC4J7R2N | L. | FOSTER |